May Term,
1859.

SMITH *v.* THE INDIANA AND ILLINOIS RAILWAY COMPANY.

An order of the board of directors of a railroad company, assessing the sub-
scriptions of stock, certified by the secretary of the company, though not
authenticated as the statute requires, is admissible in evidence in a suit upon
a subscription, if no objection be made (and if no ground of objection was
pointed out in the Court below, the case stands in the Supreme Court as if
none was made); and when so admitted it is as conclusive of the matters
contained in it, as if it had been properly authenticated.

In a suit upon a subscription of stock, to recover installments regularly as-
sessed in accordance with the terms of the subscription, the subscriber is not
entitled to notice of the assessment, or the time and place of payment, be-
fore suit brought.

The contract to pay by installments is, in such cases, a promise to pay on de-
mand; and the demand involved in the commencement of the suit is alone
sufficient.

APPEAL from the *Hendricks* Court of Common Pleas. *Tuesday,*
DAVISON, J.—The appellees, who were the plaintiffs, sued *May 24.*
*Smith,* upon a subscription of stock to the articles of as-
sociation of the railway company, he, *Smith,* being one of
the original subscribers, and having subscribed three shares,
150 dollars. The instrument of subscription to which he
signed his name, and which is set forth in the complaint,
stipulates that the amount subscribed shall be payable to
the company at such times and in such sums as its board
of directors may, from time to time, order and require; but
assessments on such stock shall not be made nor be paya-
ble oftener than once in sixty days, nor shall more than ten
per cent. on the amount subscribed be made payable at
any one assessment. It is averred that *Smith,* the defend-
ant, although ordered, &c., by the directors to pay ten per
cent. every sixty days, has refused, &c.

Defendant answered by a general traverse.

The Court tried the cause, and found for the plaintiffs
178 dollars. Over a motion for a new trial there was
judgment, &c.

During the trial the plaintiffs proved that one *John S.
Spann* was the secretary of the company, and then offered
in evidence what purported to be a certified copy, given by

May Term,
1859.

Smith
v.
The Indi-
ana, &c.,
Railway Co.

the secretary, under the company's seal, of an assessment upon the stockholders, which reads thus:

"Office, *Indiana and Illinois Central Railway Company.* I hereby certify that the following is a correct copy of an order of the board of directors of the above company, passed *August* 10, 1853, viz.: 'Ordered that an assessment of ten per centum be made on all stock now subscribed, or hereafter to be subscribed, payable every sixty days, till the whole shall be paid.' In witness whereof, I hereunto set my hand, and affix the seal of the company, at *Indianapolis,* this 11th day of *January,* 1855.

[Signed]      *John S. Spann,* Secretary."

The evidence thus offered, though resisted by the defendant, was admitted by the Court; but the ground upon which its introduction was resisted is not stated in the record, and hence the ruling upon the admission of it is not available in error. It is, however, contended that the copy certified by the clerk, when admitted, proved nothing; that it was no evidence of an assessment, because there is no statute making such certificate evidence. This position is not strictly correct. The certified copy, not being a sworn copy, was not authenticated as the statute requires, and was, on that account, objectionable. 2 R. S. p. 93, § 284. Still the copy before us purports to contain a legal order of the corporation, and no ground of objection to its admission as evidence having been pointed out in the Common Pleas, the case stands in this Court as if it had been admitted without objection, and the result is, the matters which it contains are just as effective and conclusive as if it had been verified in the mode prescribed by the statute. The order making the assessment must, therefore, be deemed in evidence before the jury.

But the appellants assume another ground upon which they seek a reversal. They say that the evidence proves no sufficient notice of the call upon the stockholders. *Edmund Clark* testified, "That he was an agent of the company for the collection of the stock subscribed; that notice of the order making the call was given by publication in a paper printed in *Danville,* and also by several

printed notices posted in divers places in the county of
Hendricks; and further, that he called upon the defendant
in person, in the summer of 1854, and requested him to
pay the amount assessed against him, but he did not pay."
This was all the evidence relative to the notice.

Section 8, 1 R. S. p. 412, to which we are referred, pro-
vides that "It shall be lawful for the directors to call in
and demand from the stockholders respectively, any sums
of money by them subscribed, in such payments and in-
stallments as the directors shall deem proper, under the
penalty of forfeiting the shares of stock subscribed for, and
all previous payments made thereon, if payment shall not
be made within thirty days after personal demand or no-
tice requiring such payment shall have been made in each
county through which such road shall be laid out in which
a newspaper shall be published." The notice proved is
obviously not within these statutory requirements. It is
not shown when the newspaper publication was made; and
for ought that appears it may have been subsequent to the
commencement of the suit. And the personal request
having been made in the summer of 1854, would not au-
thorize the recovery, which is for the entire subscription,
because, in view of the provisions of the order of assess-
ment, not more than one-half the installments were due
when the request was made.

But is section 8, to which we have referred, at all appli-
cable to the case at bar? In terms, it applies only where
the directors, in their order making the call, contemplate
"a forfeiture of the shares of stock and all previous pay-
ments thereon." In that case, a personal demand, or a no-
tice by publication, is required; but we know of no rule of
construction by which that enactment can be held to re-
quire notice to a stockholder, prior to a suit against him
for installments assessed and due on his subscription. It
seems to follow—section 8 being inapplicable—that the
installments, in this instance, were payable without any
demand, other than that produced by the commencement
of the suit. *Ross* v. *The Lafayette, &c., Railroad Co.*, is
precisely in point. There, a subscription of stock con-

May Term, 1859.

tained provisions similar to the one before us, and the directors had, at a regular meeting, made a call on the stockholders, payable in installments. *Held*, that it was unnecessary to give the subscriber notice of the time and place of payment. 6 Ind. R. 297. See, also, *The N. A. and S. Railroad Co.* v. *Mc Cormick*, 10 *id.* 499. These decisions rest upon the ground that the contract to pay by installments is, in effect, a promise to pay on demand; and that the demand involved in the suit itself was alone sufficient.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. M. Gregg* and *H. C. Newcomb*, for the appellant.
*C. C. Nave*, for the appellees.