THE OHIO, INDIANA, AND ILLINOIS RAILROAD COMPANY, by JOHN RATLIFF, receiver *v.* HARRISON CRAMER.

SAME *v.* JAMES MARKS.

SAME *v.* DAVID LOER.

SAME *v.* JOSEPH BROWN.

SAME *v.* HENRY BABB.

SAME *v.* MARTIN B. MAGGART.

SAME *v.* ELIJAH JOLLY.

RAILROAD COMPANIES—STATUTE CONSTRUED.—The 8th section of the "act to provide for the incorporation of railroad companies," (1 G. & H. 507,) authorizing notice to be given of calls for payment by installments of stock subscriptions, only includes money subscriptions. Page 492.

SUBSCRIPTIONS TO CAPITAL STOCK.—Where subscription to the capital stock of a railroad company is made payable in work and materials, and not in installments, the company can not require payment in installments by resolution of the board of directors. Page 492.

SAME—DEMAND.—When the place of payment was fixed by the contract, and the time of payment not fixed, a demand should have been made; and a resolution of the board of directors calling for payment by installments, was not a sufficient demand when the subscription to the capital stock was payable in materials. Page 492.

APPEAL from the *Grant* Circuit Court.

RAY, CH. J.—These suits are all brought upon subscriptions to the capital stock of the *Ohio, Indiana, and Illinois Railroad Company.* The same point is presented in each case for decision, and we give a copy of one contract as a sample of all:

"We, the undersigned, and whose names follow, do hereby, each for himself, undertake and promise to pay the *Ohio, Indiana, and Illinois Railroad Company* the several sums annexed to our names, as hereinafter set forth, as subscription to the capital stock of said company. *February* 10, 1855."

"I do hereby agree to take four shares of $50 each in the capital stock of the *Ohio, Indiana, and Illinois Rail-*

*road Company* in cross ties, made and delivered on the line of said road, at the nearest point to me.   Signed."

The complaint avers a demand by the company, by a resolution of the board of directors, requiring payment of stock subscriptions, ten per cent. monthly, from the 1st day of *January*, 1859, and a failure to pay.

A demurrer was sustained to the complaint, and exceptions taken.

The appellant insists that the resolution of the board of directors was all the demand required by the statute.   It has been held by this court that the 8th section of "the act to provide for the incorporation of railroad companies," (1 G. & H. 507,) authorizing notice to be given of calls for payment by installments of stock subscriptions, does not apply to any case, except where the forfeiture of the stock is sought to be enforced.   *Smith* v. *The Indiana and Illinois Railway Company*, 12 Ind. 61.   We are not called upon in these cases to determine whether this section may not more reasonably be held to include all calls for the payment of cash subscriptions, and to provide the notice to be given to render the installments due, leaving to the company the ordinary remedy by suit to collect the amount, or conferring the power to forfeit the stock subscribed for.   So far as the cases under consideration are involved, the ruling in that case can not harm the appellant. It seems clear from the section, that only money subscriptions are intended, in any event, to be included within its provisions.   So far as subscriptions are involved, which by their terms are payable in material or labor, as in the cases now before us, we adopt the decision referred to, determining that there is no notice authorized by statute, and that, therefore, the contract in each case must govern.

All the reported cases in this court, where actions have been brought to enforce subscriptions of stock, have been upon contracts, making such subscriptions payable in installments at such times as the board of directors of the railroad company should direct.   It was held that in such

case an order of the board requiring payment in installments was sufficient to maintain an action on the contract. *Ross* v. *The Lafayette and Indianapolis Railroad Company*, 6 Ind. 297. Later cases are to the same effect. But in the case before us the subscriptions are not made payable by installments, and it would seem unreasonable that the company should be permitted to require performance of a contract for labor, or to furnish materials in this manner. It would certainly be authorizing an essential change in the terms of the contract. We have been referred to no decision which would support us in ruling that the corporation possessed such power. For all that appears by the terms of the contract, or the averments of the complaint, the subscriptions in question were preliminary to the location of the road; and as the material is to be delivered along the line of the road nearest to the subscriber, an allegation should have been made of such location. Nor is it to be supposed that when the board of directors made their call for the payment of the first ten per cent. upon the subscriptions, for the expenses to be incurred in surveying the line of the proposed railroad, that they intended to require the delivery of any portion of the ties and material along such line. The delivery in installments would prove useless to the company, and the materials worthless, by the time the corporation was prepared to make use of them. The call for labor to be performed at intervals of thirty days might prove at once of little value to the company and a great hardship to the subscriber.

The place of payment being fixed by the contract, and the time of payment not fixed, a demand should have been made. *Frazee* v. *McChord*, 1 Ind. 224. The resolution of the board of directors calling for payment by installments was not a sufficient demand in this case.

The demurrer was properly sustained in each of the cases before us, and the judgment is affirmed.

*W. R. Pierse* and *H. D. Thompson*, for appellant.
*Asberry Steele* and *R. T. St. John*, for appellees.