FRANKLIN COLLEGE *v.* HURLBURT.

COLLEGES.—SUBSCRIPTIONS.—Where a subscription to the funds of a college is made upon the condition that a certain sum shall be raised, the liability of the subscriber is fixed when that sum is raised, and a subsequent misapplication of the funds will not relieve him from liability.

APPEAL from the *Dearborn* Common Pleas.

GREGORY, J.—The appellant sued the appellee on a promissory note. On the 20th of *September,* 1850, the board of trustees of the plaintiff resolved :

1. That they would immediately commence an effort to raise $60,000 for the benefit of the college; $50,000 of said sum to be applied to the perpetual endowment thereof, and $10,000 to pay present indebtedness and provide for contingent expenses.

2. That every donor of $500 towards the above sum of $60,000, should be entitled to a perpetual scholarship, available when the $60,000 was secured in cash and negotiable notes.

3. That every donor of $100 should be entitled to a scholarship, available for himself, his sons, or his grandsons, one at a time, so soon as the $60,000 were secured in cash and negotiable notes; or in lieu of his sons, he should have the privilege of educating two individuals gratuitously.

4. That no note which should be given for the purpose of raising the above sum of $60,000, should be binding until the sum of $60,000 was secured as above.

5. That as soon as the $60,000 should be obtained in cash and notes, the entire sum should bear interest, except so far as paid; that one-fourth of the amount of every donation should be paid into the treasury as soon as it should be certified by the officers of the board that the proposition was filled, and one-fourth annually until all was paid; that no scholarship should be issued until the first one-fourth was paid, nor should it be available after a failure to pay any

one of the other installments at the proper time, until such installment or installments should be paid.

In *November*, 1850, the appellee executed to the plaintiff two notes for $100 each, one-fourth of which was payable so soon as it should be certified in the "*Journal and Messenger*," by the officers of the board of trustees of the plaintiff, that $60,000 had been pledged by the execution of notes (by persons believed to be solvent) of the character of the notes given, and one-fourth annually thereafter, with interest. Two certificates of scholarship were issued to the defendant at the time. Payments were made in *February* and *October*, 1853; and in *December*, 1857, the note in suit was executed for the balance due on these two notes.

The first and second paragraphs of the answer set up that it was fraudulently represented to the defendant by the plaintiff, at the time of the execution of the note sued on, that the $60,000 had been pledged by notes on persons believed to be solvent, which representation was false.

The third paragraph of the answer avers that it was falsely and fraudulently represented by the agent of the plaintiff, to the defendant, at the time of the execution of the note sued on, that the money so raised, except $10,000, had been applied as a permanent endowment of the college; that in fact the sum of money so raised by the plaintiff, except $11,000, had not been applied as a permanent endowment of the college, but had been expended.

A demurrer to each paragraph of the answer was overruled, and the appellant excepted. The plaintiff replied to each paragraph of the answer by the general denial. Trial by jury; verdict for the defendant; motion for a new trial overruled.

The evidence shows that the note in suit was given for the balance due on the two notes executed by the defendant in 1850. The agent of the plaintiff being asked by the defendant, at the time, how the college was getting along, said, in reply, that it was getting along very well. The $60,000 was secured to the college by notes on persons be-

lieved to be solvent, and notice of the fact was published by the officers of the board of trustees in the "*Journal and Messenger*," before any payment was made by the defendant on the original notes given by him. The sum of $50,-000 was not set apart as a permanent endowment of the college. The defendant had availed himself of his scholarship by sending a son to the college.

We think, under the proposition of the board of trustees, and the contract of the defendant, that the raising of the $60,000, and the publication of notice thereof in the "*Journal and Messenger*," fixed the defendant's liability, and that no misapplication of the fund afterwards by the plaintiff would discharge that liability. We think the court erred in overruling the demurrer to the third paragraph of the answer, and in overruling the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to sustain the demurrer to the third paragraph of the answer, and for further proceedings.

*D. S. Major* and *O. B. Liddell*, for appellant.