## VAWTER v. FRANKLIN COLLEGE.

CORPORATION.— *Voluntary Association.—Articles of Association.—Amendment of Articles.—Corporate Seal.*— The articles of association of a voluntary association organized under the act of February 20th, 1867, 3 Ind. Stat. 550, to which subscriptions of capital stock were made, did not contain an impression or description of the corporate seal, but provided for amendments according to section 3 of said act, and the articles as recorded for the purpose of organizing the corporation stated, "The corporate seal

shall be a circle formed by the letters of" the name of the association and the name of the State.

*Held,* in an action by the corporation upon a subscription of capital stock, to recover an assessment made thereon by the board of directors, that this was a sufficient compliance with the requirement of the statute that the articles of association shall contain an impression and description of the corporate seal.

SAME.—*Name and Residence of Stockholder.*—The subscription of stock sued upon in said action was made to the articles of association by writing the name of the subscriber, his residence and his number of shares in order under the words "Names, Residence, Shares."

*Held,* that the defendant could not claim that the articles of association did not show the name and place of residence of each stockholder.

SAME.—*Filing of Articles in Recorder's Office.*—*Pleading.*—The complaint in said action alleged that the association "caused said articles to be put on record in the recorder's office," etc.

*Held,* that this showed a sufficient filing under the statute.

PRACTICE.—*Striking Out Pleading.*—There is no error in striking out a paragraph of answer, when all the evidence admissible thereunder may be given under a remaining paragraph.

CORPORATION.—*Records.*—*Evidence.*—The records of a corporation are competent evidence on its own behalf to prove its organization and existence; and the introduction in evidence by the corporation of the record of a meeting of its stockholders could not be objected to on the ground that the minutes of such meeting were made on loose sheets of paper, and kept in a drawer several months, before they were copied into a book called the "record," it not appearing that such minutes did not truly represent the action of said meeting, or that the "record" was not adopted by the stockholders, or that there was anything improper in the transaction.

SAME.—*Notice to Stockholder of Assessment.*—A notice to a stockholder in a voluntary association of the amount due on an assessment upon his capital stock, the contract subscribed by him specifying no place of payment, need not designate the place of payment.

From the Johnson Circuit Court.

*S. P. Oyler* and *D. Howe,* for appellant.

*G. M. Overstreet, A. B. Hunter, T. W. Woollen* and *C. Byfield,* for appellee.

BIDDLE, J.—Certain persons, of whom the appellant was one, formed themselves into a voluntary association, by written articles, for the purpose of organizing a corporation by the name of " Franklin College," the object of which was to

establish, maintain and operate an institution of learning at Franklin, Johnson county, Indiana. To this association the appellant, amongst others, subscribed five shares of stock of one hundred dollars each. Afterwards, as the complaint alleges, "a majority of the shares of said capital stock met and elected officers and a board of directors, as provided in said articles, and caused said articles to be put on record in the recorder's office in the said county of Johnson;" that the board of directors met and made an assessment of twenty per cent. on the capital stock so subscribed, including the stock subscribed by the appellant, and ordered the collection of the same, and in July, 1872, notified said defendant that said assessment had been made, and that the same would be payable at the expiration of sixty days thereafter, at the office of the secretary, in the city of Franklin; that the sum of one hundred dollars, with interest, was due on the appellant's subscription, which remained unpaid. Wherefore, etc.

The corporation was organized under the act approved February 20th, 1867, 3 Ind. Stat. 550, the second section of which reads as follows:

"That any number of persons may voluntarily associate themselves by written articles, to be signed by each person who may be a member at the time of organization, specifying the objects of the same, the corporate name they may adopt to designate such objects pursuant to this act, the names and places of residence of each member or stockholder, with an impression and description of the corporate seal, and in what manner persons shall be appointed or elected to manage the business and prudential concerns of any such association that may have been or shall hereafter be formed for either of the following purposes."

Then follow six clauses of the section, specifying the purposes for which any such corporation may be organized.

The appellant answered to the complaint:

1. No such corporation.

2. General denial.

3 and 4. Special denials.

The first, third and fourth paragraphs of answer were rejected on motion. Trial by the court, finding and judgment over the usual motions and exceptions, and appeal to this court.

The appellant objects to the complaint:

1. That the articles of association do not contain a description or impression of the seal. This is true, but the articles as recorded for the purpose of organizing the corporation describe the seal as follows: "And the corporate seal thereof shall be a circle formed by the letters of Franklin College, Indiana."

We think this is sufficient. The articles of association provide for amendments, according to section 3 of the act cited. This amendment was properly made.

2. That the name and residence of each stockholder do not appear. The form of the appellant's subscription is as follows:

| "Names. | Residence. | Shares. |
|---------|------------|---------|
| "David G. Vawter, | Franklin, Ind. | 5." |

This is sufficient.

3. That it does not appear that the articles of association were *filed* in the recorder's office. The language of the averment is, "And caused said articles" (of association) "to be put on record in the recorder's office in said county of Johnson." This, we think, shows a sufficient filing under the statute.

4. That the appellant had no notice of the time and place of payment sixty days before the commencement of the suit. It appears to us the appellant in this is mistaken. The complaint avers that he was notified in July, 1872; the action was commenced in February, 1873. The complaint is sufficient.

The appellant complains that the court rejected paragraphs 1, 3 and 4 of his answer. There was no error in this ruling. Paragraph 2 put in issue every fact alleged in the complaint, and would admit under it all the evidence that could be legitimately given under paragraphs 1, 3 and 4.

The appellant makes the following points under his motion for a new trial:

1.  That the court erred in permitting the plaintiff to introduce in evidence, upon the trial, the record of the stockholders' meeting, because the minutes were made on "loose sheets of paper," and kept in a drawer about six months after the meeting, before they were copied in a book called the "record." It nowhere appears that the minutes so taken did not truly represent the action of the board, or that the "record" was not adopted by the board, or that there was anything improper in the transaction. The records of a corporation are competent evidence, on its own behalf, to prove its organization and existence.

2.  This point is the same as the first, except that the evidence was applicable to another meeting of the directors, and the same rule must be held with regard to it.

3.  That the notice to the defendant of the amount due on the assessment against him does not specify the *place* of payment. No notice of place is necessary in such cases. *Ross* v. *The Lafayette, etc., R. R. Co.*, 6 Ind. 297. The contract subscribed by the appellant specifies no place of payment of his subscription. The place of payment was fixed simply for the convenience of the corporation.

4.  That the court erred in permitting evidence to go to the jury of the appellant's acts and declarations at a certain stockholders' meeting. We can perceive no error in this ruling. It was not necessary to the case. The obligation of the appellant arose out of his subscription, not out of what he said and did at a stockholders' meeting. The evidence was, at most, irrelevant. Besides, the appellant cannot complain of his own acts and declarations.

5.  That the finding is not sustained by the evidence. We think it is.

The following cases may be consulted as to the principles governing this case: *Ross* v. *The Lafayette, etc., R. R. Co.*, 6 Ind. 297; *Eakright* v. *The Logansport, etc., R. R. Co.*, 13 Ind. 404; *Heaston* v. *The Cincinnati, etc., R. R. Co.*, 16 Ind.

275; *Wert* v. *The Crawfordsville, etc., Turnpike Co.,* 19 Ind. 242; *Franklin College* v. *Hurlburt,* 28 Ind. 344; *The North-western Conference, etc.,* v. *Myers,* 36 Ind. 375; *The Indian-apolis Furnace, etc., Co.* v. *Herkimer,* 46 Ind. 142; *Nelson* v. *Blakey,* 47 Ind. 38; *Ransom* v. *Priam Lodge, etc.,* 51 Ind. 60; *Instone* v. *The Frankfort Bridge Co.,* 2 Bibb, 576; *The Chester Glass Co.* v. *Dewey,* 16 Mass. 94; *Tar River Nav. Co.* v. *Neal,* 3 Hawks, 520; *Rathbone* v. *Tioga Nav. Co.,* 2 Watts & S. 74; *Elizabeth City Academy* v. *Lindsey,* 6 Irc. 476. See, also, Angell & Ames Corp., secs. 523–526.

The judgment is affirmed, with costs and ten per cent. damages.