First National Bank of Danville *v.* Hill.

---◆---

## FIRST NATIONAL BANK OF DANVILLE *v.* HILL.

PLEADING.—*Practice.—Demurrer.—Evidence.*—Where a paragraph of a pleading amounts to no more than the general denial, which is also pleaded, and the evidence admissible under the former is admissible under the latter, there is no available error in sustaining a demurrer to the former.

SET-OFF.—Matter of set-off, to be a valid defence, must be between the same parties as the matter alleged in the 'complaint.

From the Hendricks Circuit Court.

*E. F. Ritter, L. C. Walker* and *L. Ritter,* for appellant.
*L. M. Campbell,* for appellee.

BIDDLE, C. J.—Complaint by the appellee to recover for money alleged to have been deposited with ·the appellant.
Answer:
First. General denial;

Second.    That the money was deposited by, and is the property of, the city of Danville;

Third.    The same, substantially, as the second; and,

Fourth.    The same as the third, setting up a promissory note made by " Geo. Chamberlin, President of Board of Town of Danville," as a set-off.

Separate demurrers, alleging the insufficiency of the facts stated to constitute a defence, were sustained to the second, third and fourth paragraphs of answer, and exceptions reserved.

Trial by the court; finding and judgment for the appellee; appeal.

The only assignments of error are, sustaining the demurrers to the second, third and fourth paragraphs of answer.

There is no available error in these rulings.

The second and third paragraphs amount to no more than a denial of the right to the money in the appellee. The fourth is the same, with the exception of the proffered set-off of the note set out.

Neither the note of Chamberlin, nor the note of the " Board of the Town of Danville," if such a note as the latter could be made, is a set-off to a demand in favor of the appellee in his own right.    All the evidence that could have been given legitimately under the special paragraphs could have been given under the general denial, and we must presume that it was so given.

The judgment is affirmed, with costs.