SHELLENBARGER v. BLAKE, BY HER NEXT FRIEND, BRANYAN.

HARMLESS ERROR.—*Pleading.*—*Practice.*—Where every material fact set up in a paragraph of answer may be given in evidence under the answer of general denial, which is pleaded, the striking out of such paragraph is a harmless error.

SAME. *Marriage Promise.*—*Action for Breach.*—*Rescission.*—*Evidence.*—In an action for a breach of a promise to marry, evidence of a mutual rescission of the contract prior to the alleged breach is admissible under the answer of general denial.

From the Huntington Circuit Court.

*J. B. Kenner*, for appellant.

*J. C. Branyan* and *C. W. Watkins*, for appellee.

HOWK, J.—This was a suit by the appellee, an infant, by her next friend, against the appellant, to recover damages for a breach of an alleged marriage contract.

In her complaint, the appellee alleged in substance, that she was over the age of eighteen years, and was then, and had been for the last ten months, eligible to marriage, and that the appellant was over the age of twenty-two years, and on the 20th day of January, 1877, and up to the 25th day of October, 1877, was eligible to marriage; that on or about the 25th day of January, 1877, the appellant and the appellee,

Ida C. Blake, entered into a contract of marriage; that the appellant, in consideration of the appellee's promise that she would marry him, promised and agreed to marry her, which agreement was then and there mutually entered into, by and between said parties, the one promise being made in consideration of the other; that both parties were then competent to make such contract, and both were eligible to marriage; that the appellant. disregarding his said contract with the appellee and in violation thereof, on the 25th day of October, 1877, married one Laura Gray, and had abandoned his contract with the appellee, to her damage in the sum of two thousand dollars.    Wherefore, etc.

To this complaint the appellant answered in two paragraphs, of which the first was a general denial, and the second paragraph set up affirmative or special matter, by way of defence.    This second paragraph of answer, on appellee's motion, was struck out and set aside, and to this decision of the court the appellant excepted, and filed his bill of exceptions.

The cause being at issue was tried by a jury, and a verdict was returned for the appellee, assessing her damages in the sum of four hundred and fifty dollars; and the appellant's motion for a new trial having been overruled, and his exception saved to this ruling, judgment was rendered by the court on the verdict, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court:

1.   In sustaining appellee's motion to strike out the second paragraph of his answer; and,

2.   In overruling his motion for a new trial.

In his argument of this cause in this court, the appellant's counsel has not even alluded to the second alleged error, or to any question properly arising thereunder. Therefore, the second error, under the well established practice of this court, must be regarded as waived.

Did the circuit court err in sustaining the appellee's motion to strike out the second paragraph of the appellant's answer? This is the only question discussed by the appellant's counsel in his brief of this cause, and the only question presented for our decision.

In the second paragraph of his answer, the appellant alleged, in substance, that he admitted that he "paid his addresses" to appellee for some time, and that a promise of marriage was made, but that he discontinued his visits, and shortly after the discontinuance of his visits the appellee's brothers began to make threats and raise trouble about the matter, to the appellee's annoyance ; that thereupon she addressed a letter to the appellant, requesting him to call at her home and have an understanding about the matter, satisfactory to her brothers, and to bring a witness with him ; that, at the time appointed, he called at her home, and that, at. that interview, their matters were talked over, and it was agreed that his visits and addresses to appellee should cease, and the marriage contract was mutually dissolved, which was entirely satisfactory, and the parties, appellee and appellant, mutually agreed to sever their former intimate relations, and that this agreement was entirely satisfactory "all around," and the appellant "thought no farther about the matter." Wherefore the appellant prayed judgment for costs, and for other proper relief.

It is claimed by the appellant's counsel, as we understand him, that this second paragraph was a good defence to the complaint, and that it was error to strike it out, for the reason that it confessed the appellee's cause of action, and avoided the same by setting up new matter. We do not so construe the allegations of this paragraph. It is an argumentative denial, and nothing more, as it seems to us, of the case made by the appellee's complaint. It was charged in the complaint, that, on the 25th day of January,

1877, a valid and binding contract of marriage was made and entered into, by and between the appellant and appellee, and that, on the 25th day of October, 1877, the appellant, in violation of his contract, had married one Laura Gray. This was the appellee's case, as stated in her complaint; and, certainly, the appellant did not confess this case in the second paragraph of his answer. On the contrary, he denied argumentatively the appellee's case, by alleging for his defence a very different case from the one made in her complaint.

Every material fact alleged in the second paragraph of the appellant's answer could have been given in evidence under the general denial of the complaint, which was pleaded in and by the first paragraph of said answer. In such a case, it was certainly not an available error—an error which would justify the reversal of the judgment below—to sustain the appellee's motion to strike out the second paragraph of said answer. It is settled by numerous decisions of this court, that a party can not complain, on appeal, of an erroneous ruling by which he was not injured. *Vawter* v. *Franklin College*, 53 Ind. 88 ; *The City of Aurora* v. *Colshire*, 55 Ind. 484; and *First National Bank of Danville* v. *Hill*, 58 Ind. 52.

So that, if it were conceded in the case at bar, that the court had erred in sustaining the appellee's motion to strike out the second paragraph of the appellant's answer, it would seem to us that the error was harmless and unavailable. In our opinion, however, the motion was correctly sustained.

The judgment is affirmed, at the appellant's costs.