## The City of Aurora v. Colshire.

CITIES AND TOWNS.—*Streets.*—*Negligence.*—*Action for Injury Resulting from Defect in Street.*—A city having so graded and filled one of her public streets, as to level it with, and include as part thereof, the top of a high wall, erected by the owners of adjoining real estate, and having negligently allowed such street to be used by the travelling public, without having erected guards or railings to prevent accidental driving or falling over such wall, a traveller, having no knowledge of such wall, without fault upon his part, fell over such embankment, thereby receiving injuries for which he brought suit against such city.

*Held,* that though such wall was erected upon private property, the city having adopted and used it as part of such street is liable.

*Held,* also, the jury having specially found that at the time of receiving the injury he had no knowledge of the condition of such street, that the

judgment should not be disturbed because there was evidence that he had had some such knowledge, years previous thereto.

PRACTICE.—The rejection of a special answer alleging matters susceptible of proof under the general denial, also pleaded, is harmless.

From the Dearborn Circuit Court.

*H. D. McMullen* and *J. Schwartz*, for appellant.

*J. D. Haynes* and *J. K. Thompson*, for appellee.

BIDDLE, J.—Suit by appellee, against the city of Aurora. The complaint charges that the city raised the grade of George street above its natural surface ten feet, and knowingly and negligently left the west side of the fill perpendicular against a wall, without railing or guards, causing thereby a dangerous pitfall; and that the appellee, in pursuit of his lawful business, not knowing any thing about said elevation and pit, in passing along said street in the night-time, without any fault or negligence on his part, fell from and over said elevation, and broke his arm, and otherwise injured his body, to his damage. Wherefore, etc.

Answer:

1st. Special paragraph; and,

2d. General denial.

The special paragraph was rejected on motion, and exceptions taken. The case was then tried by a jury, on the complaint and general denial. General verdict for the plaintiff, for five hundred dollars, and answers to two special interrogatories, finding that the appellee did not know of the dangerous condition of the street when he fell, and that he undertook to pass the wall in the night-time, when it was very dark, at the time he received the injury.

After the usual motions and exceptions, necessary for the appellant to bring the case here, this appeal is taken, and alleged errors assigned.

*First.* The appellant complains of the rejection, on motion, of the special paragraph of answer.

There is no error in this ruling. The paragraph was

nothing more than an argumentative denial of a part of what was wholly denied by the general denial.

*Second.* It is urged that the evidence is insufficient to sustain the verdict and findings,—and particularly that it shows contributory negligence on the part of the appellee.

We have weighed the evidence with care, and can not say that it is insufficient. There is some slight evidence, tending to show that the appellee had known something of the wall and fill, some years before he was injured, but the jury have found, that, at the time of the injury, he did not know of their existence,—and we can not say that such finding is without evidence to support it.

*Third.* The appellant thinks that the court gave certain instructions to the jury which were improper, and refused certain instructions which should have been given.

We have examined them with attention, and with the evidence before us, we think no available error has intervened, either in giving or refusing instructions.

The judgment is affirmed, with costs.

ON PETITION FOR A REHEARING.

BIDDLE, J.—The petitioners inform us that the point especially intended to be presented, upon which the appeal was advised, and upon which they mainly relied, was the fact, " That the perpendicular wall over which the appellee fell, and which is denominated a pitfall, was erected by private individuals, upon their own private lots, beyond the boundary of the street, before the city made the fill up to the wall." This wall was built in accordance with the grade established by the city civil engineer, and the city made the fill to the top of the wall, and adopted it as part of the street.

The appellants complain that we did not decide this point in our opinion. It did not seem to us to require any elaboration or particular notice. We could not per-

ceive how the fact that the wrong complained of was caused on the premises of another could excuse the city. The city had adopted the space and used it as a street. If the whole street had been established over private property, without authority, and used by the city, it would not have afforded the least justification, excuse, or even palliation of the wrong of which the appellee complained. One wrong will not justify another. It was sufficient that the city adopted the private wall as a part of the street,—whether rightfully or wrongfully,—to make it liable. We are satisfied with the opinion heretofore pronounced.

The petition for a rehearing is overruled.

The opinion on the petition for a rehearing was filed at the May term, 1877.