<hr/>

## THE CITY OF INDIANAPOLIS v. GASTON.

NEGLIGENCE.—*Injury Caused by.—Defective Street.—Evidence.*—In an action against a city, to recover damages for personal injuries received by the plaintiff, the complaint alleged, that the defendant had negligently permitted an obstruction to be and remain upon a sidewalk of a street, and had negligently failed to light the gas-lamps in that vicinity, and that the plaintiff, while passing along such sidewalk at night, had fallen over such obstruction, thus receiving the injuries complained of;

*Held*, that, on the trial of the cause, evidence touching the location and lighting of the city gas-lamps in the vicinity of such obstruction, at the time of such accident, is admissible.

SAME.—*Particular Result of Injury.*—*Physician.*—Where, on the trial of such cause, it appears by the evidence, that the plaintiff was a practising physician, it is competent to prove the effect of the injury complained of on his physical ability to continue the practice of his profession.

SAME.—*Ordinance.*—*Street Commissioner.*—Evidence may be given, in such case, of an ordinance of the city prescribing the duty of its commissioner of streets.

SAME.—*Expense Caused by Injury.*—*General Custom.*—The fact that the plaintiff in such action is a physician does not authorize evidence by the defendant, that the universal rule of physicians is to attend upon each other, for a sickness or an injury, free of charge.

SAME.—*Practice.*—*Cross-Examination.*—The evidence sought to be elicited by a question asked on cross-examination must be responsive to the examination in chief, and definite.

SAME.—*Presumption as to Condition of Street.*—*Obstruction.*—Any person travelling a sidewalk of a city, which is in constant use by the public, has a right, when using the same with due diligence, to presume, and act upon the presumption, that it is reasonably safe, for ordinary travel, throughout its entire width, from all dangerous and annoying obstructions of a permanent character.

SAME.—*Damages.*—*Measure of.*—*Instruction to Jury.*—It is proper to instruct the jury trying such case, that, in estimating the damages, if any, to be recovered by the plaintiff, they may consider his expenses incurred, loss of time, suffering and pain, and the permanent injury to his capacity to pursue his professional calling, resulting from such injury.

SAME.—*Harmless Error.*—Where an instruction given to the jury embraces the substance of one asked and refused, error in such refusal is harmless.

SAME.—*Supreme Court.*—*Weight of Evidence.*—The Supreme Court, on appeal, will not disturb the verdict of a jury on the mere weight of evidence.

From the Marion Superior Court.

*B. K. Elliott, A. C. Ayres, C. W. Smith* and *R. O. Hawkins,* for appellant.

*J. T. Dye* and *A. C. Harris,* for appellee.

BIDDLE, C. J.—The appellee brought his complaint against the appellant, for carelessly and negligently permitting an obstruction upon the sidewalk of a street, to wit, a stump, standing two feet in height, and one foot in diameter, and knowingly allowing it to so remain in and upon the sidewalk a long time, to wit, six months; and for carelessly and negligently failing to light the gas-

lamps along said walk; whereby, without any fault or negligence on his part, while lawfully walking along said sidewalk during a dark night, without any knowledge of said obstruction, he walked against said stump, and was thrown violently over the same, and upon the sidewalk, with such force and in such a way that his left leg was broken in the hip-joint, in consequence of which, he suffered great injury, pain and damage, and was put to great expense, etc.

Answer; trial by jury; verdict for appellee; judgment on the verdict, and appeal by the defendant to the general term; affirmance of the judgment therein; thence to this court.   It is unnecessary to state the proceedings at length.  The questions presented and discussed by the parties are all reserved in the record.   We will examine them as they arise.

1.  The first alleged error, of which the appellant complains, is the admission of improper evidence to the jury.

The court allowed the appellee to give evidence to the jury, over the objections of the appellant, touching the location and lighting of the city gas-lamps, in the vicinity of the place where it is alleged the injury occurred. We see no error in this ruling. Negligence in failing to light the gas-lamps is directly charged in the complaint; and we think the evidence given was competent and material. As part of the *res gestœ*, it was properly admitted, although such negligence might not, of itself, make the city liable

There was evidence before the jury tending to show that the appellee was a physician and surgeon by profession, and practised it as a means of support.   A witness, Dr. Harvey, a physician and surgeon, was asked the following question:

"State what effect this accident will have on Dr. Gaston's ability to practise his profession of a visiting family physician?"

Over the objection of the appellant, the witness answered:

"It will very much impair his ability to do so, especially as to ascending a flight of stairs. He is in constant danger going up and down stairs of tripping his toe, and he can not get right up and attend to business as he could before, or like a man who is well. He is practically disabled; he can not get about; he has to hunt up his crutches and cane whenever he goes out."

The admission of this testimony was not erroneous. It tended to show the effect and consequences of the injury alleged in the complaint. The same objection was made to the testimony of Dr. Athon, which we need not particularly examine.

The admission in evidence of a section of the ordinance passed by the city of Indianapolis, touching the duties of the commissioner of streets, is also complained of by the appellant; but we see no error in this. It was the act of the city; and she can not complain of her own act. But it is urged by the appellant, that a municipal corporation is not liable for a failure to enforce its own ordinances. This may be true, but that is not the question here. The city is not charged with a failure to enforce an ordinance, but for negligence in suffering an obstruction to remain upon a sidewalk.

2. The refusal to admit certain evidence, offered by the appellant, to the jury, is also complained of as error.

The appellant offered to prove that it was a universal custom amongst physicians and surgeons not to charge members of the profession for services rendered.

This evidence was properly rejected. Whenever it is proper in such a case to prove the services of a physician or surgeon, the fair value of such services is the legal rule, even though they might have been rendered gratuitously.

The witness, Thomas Wiles, after he had stated that he

was the street commissioner, was asked, on cross-examination, the following question:

"Did any one say any thing to you about allowing that tree to remain there in order that it might be straightened?"

An objection to this question was properly sustained. It is too general to elicit any thing definite; besides, it was not responsive to the examination in chief.

3. The appellant claims that. the tenth instruction given by the court to the jury is incorrect. It is as follows:

"Tenth. Any person using a sidewalk, in constant use by the public, has a right to presume, and act upon the presumption, that it is reasonably safe for ordinary travel throughout its entire width. In determining whether the city kept and maintained the sidewalk in a reasonably safe condition, you may properly consider its unobstructed width, if any, as well as the width or portion of the sidewalk occupied by the stump."

The act empowering cities to compel the owners of lots bordering on streets and alleys to plant and maintain shade trees along said streets and alleys, 1 R. S. 1876, p. 295, is cited; and the argument made upon it is as follows:

"That, as a part of the sidewalk was appropriated for shade trees, and as this stump stood within that space, it could not be deemed a part of the sidewalk for travel, and if not a part for travel, the city could not be liable for an accident happening thereon."

This argument assumes, that the stump stood within the space where a shade tree might lawfully stand. Looking into the evidence, this fact might be questionable; and it might be doubted, too, as a legal principle, whether the power to maintain a shade tree in a given place, would give the right to maintain a stump in the same place. A shade tree is useful, and much more easily seen and avoided than a stump, which is useless and injurious. But we need neither to discuss nor settle this

question. And perhaps the first sentence of the tenth instruction, standing alone, would not be applicable, as law, to sidewalks in all cases. A sidewalk may lawfully be obstructed temporarily for useful purposes, as for receiving or sending away goods, obtaining supplies for a household, or carrying off rubbish, for passing building material, for repairs or reconstruction, and for many other proper uses, but this is very different from permitting a dangerous or annoying and useless obstruction, such as that alleged in this case, to permanently remain in and upon a sidewalk. The instruction should be viewed, not altogether as an abstract proposition of law, applicable to all cases, but rather, in the light of its applicability to the case in which it is given; and we do not hesitate to declare it to be law, that any person travelling a sidewalk, which is in constant use by the public, and using proper diligence himself, has a right to presume, and act upon the presumption, that it is reasonably safe for ordinary travel, throughout its entire width, from all dangerous or annoying obstructions which are permanent in their nature. Besides, the second sentence of the instruction properly applies the first sentence to the case by telling the jury, that, in determining whether the city kept and maintained the sidewalk in a reasonably safe condition, they may properly consider its unobstructed width, if any, as well as the width or portion of the sidewalk occupied by the obstruction. The whole instruction, taken together, as applicable to the case, is not erroneous.

The giving of the eleventh instruction to the jury was also excepted to by the appellant. It is in the following words:

"If you find, under the evidence and the rules of law I have given you, that the plaintiff is entitled to recover, it will be your duty to assess the amount of damages which, in your judgment, he should recover. In estimating this amount, you may take into consideration expenses actually incurred, loss of time occasioned by the

immediate effect of the injuries, and physical and mental suffering caused by the injuries. In addition, you may consider the professional occupation of the plaintiff, and his ability to earn money, and he will be entitled to recover for any permanent reduction of his power to earn money by reason of his injuries; and the amount assessed should be such a sum as, in your judgment, will fully compensate him for the injuries, or any of them, thus sustained."

This instruction correctly expresses the rule of damages as applicable to the case, and was properly given.

4. The court refused to give the fourth instruction asked for by the appellant, which was in the following words:

"The defendant is not liable in this action, although the plaintiff shows that he was using due care, unless he also shows, by a preponderance of evidence, that the defendant was guilty of ordinary negligence; nor will it be sufficient to show some negligence, but the degree of negligence, of which the plaintiff must show the defendant guilty, must amount to ordinary negligence."

Assuming this instruction to correctly state the law, we think it is fully covered by the sixth instruction, given on the court's own motion, as follows:

"Sixth. The defendant is not liable in this action, although the plaintiff shows that he was using due care, unless he also shows, by a preponderance of evidence, that the defendant was guilty of ordinary negligence. The negligence of the city, if any, was in permitting the stump spoken of by the witnesses to obstruct the free use of the sidewalk, if it did so obstruct it, without any guard around it, or light, or any other reasonable means being used to protect passers-by from injury or give them warning of danger. The degree of care required of the city with regard to her streets and sidewalks is ordinary care, that is, such care 'as men of ordinary prudence use for themselves.' Where a municipal corporation exercises, in

the maintenance of its streets and sidewalks, ordinary care, no action will lie for an injury sustained by a person, although in the lawful use of streets or sidewalks. Ordinary care does not require the highest degree of diligence, but does require that degree of diligence which, under like circumstances, an ordinarily prudent man would exercise with respect to his own affairs. If the city of Indianapolis did use that degree of care which an ordinarily prudent man would have done, your verdict should be for the defendant. So far as the rights of the parties to this action are concerned, it is your sworn duty to try the case as though it was one between individuals, because the defendant is entitled to be treated precisely as an individual, and no inferences or presumptions are to be drawn or indulged against her that would be improper in an action between two men."

There was, therefore, no error in refusing the fourth instruction.

The court also refused to give the eleventh instruction asked for by appellant, in these words:

"In determining whether the city kept and maintained the sidewalk in a reasonably safe condition, you may properly consider the unobstructed width of sidewalk, if any, inside the line upon which the stump was standing; the situation of the stump, with reference to the usually travelled portion of the sidewalk; and if you believe, taking all these things into consideration with the other evidence and circumstances of the case, that the sidewalk was in a reasonably safe condition for travel, your verdict should be for the defendant."

This instruction was substantially given in the ninth instruction, by the court, as follows:

"'The city of Indianapolis is not an insurer, nor a warrantor of the condition of her streets and sidewalks, nor is every defect therein, though it may cause the injury sued for, actionable.' It is sufficient to relieve her from

liability, if the streets and sidewalks were in a reasonably safe condition for travel as well by night as by day. If, in this case, it is shown by the evidence, that at the place where the plaintiff met with his injury, the sidewalk was in a reasonably safe condition for travel, your verdict should be for the defendant."

It was also given substantially in the latter part of the tenth instruction, as above noticed.

We find no error in the record either in giving or refusing instructions.

5. The appellant insists that the evidence shows contributory negligence on the part of the appellee, and, that being the fact, the law will not allow him to recover, although he was injured by the negligence of the appellant. As to the legal proposition, we agree with the appellant, but we are not convinced as to the fact, although there is some evidence tending to prove it. But the jury, under proper instructions, have found otherwise, and we can not disturb the verdict merely on a question as to the weight of evidence; nor can we say that the damages— eight thousand five hundred dollars—are excessive. The injury was severe and permanent in its effects. On the whole, we believe that the case was well tried, and that substantial justice has been done.

The following authorities will support us in our views: *Rowell* v. *City of Lowell*, 7 Gray, 100; *Richards* v. *Inhabitants of Enfield*, 13 Gray, 344; *Johnson* v. *Inhabitants of Whitefield*, 18 Maine, 286; *Savage* v. *Bangor*, 40 Maine, 176; *Bacon* v. *The City of Boston*, 3 Cush. 174; *Davenport* v. *Ruckman*, 37 N. Y. 568; *City of Chicago* v. *Martin*, 49 Ill. 241; 2 Dillon Municipal Corp., secs. 785–794, with notes and authorities there cited; *Lowrey* v. *The City of Delphi*, 55 Ind. 250; *The City of Aurora* v. *Colshire*, 55 Ind. 484.

The judgment is affirmed, with costs.