### THE TOWN OF ELKHART v. RITTER.

NEGLIGENCE.—*Complaint against Town for Injuries resulting from a fall into Excavation in Street.—Notice.*—In an action against a town, to recover damages for an injury received by the plaintiff by a fall into an excavation in a sidewalk of a public street of said town, the complaint alleged that the defendant had "negligently permitted such excavation to be made;" that it was "so situated as to prevent pedestrians from passing along the said sidewalk  *  . without turning out into" the street ; that said excavation was upon a street "most used by the public,  *  and was by the defendant so negligently and carelessly allowed to remain, several days prior to said accident, without any proper or sufficient guards, lights, notices or railings'  *  ; that, at the date of said accident, the plaintiff resided in said town, and was engaged in daily labor, by which she gained her support ;  *  " that in the evening, about dark, she attempted to pass along said street, when, " without fault or negligence on her part, she fell into said excavation, and was thereby greatly injured, both externally and internally, disabled to labor, put to great expense," etc.

*Held,* on demurrer, that the complaint is sufficient.

*Held,* also, that the clear inference from the facts alleged is that the defendant had notice of the excavation, and of its condition, but that no such notice to the plaintiff can be inferred.

SAME.—*Answer.—Natural Causes Producing Excavation.*—The facts alleged in an answer in such action, that, during the making of a lawful excavation by a third person, the sidewalk had given away because of a "thaw," on the day of the accident, were admissible under the general denial, and therefore the sustaining of a demurrer to such answer was harmless.

SAME.—*Evidence.—Natural Consequences of Injury.*—The evidence on the trial of such action showing that the plaintiff had sprained a limb, and

The Town of Elkhart v. Ritter.

been injured internally, by such fall, and that, prior thereto, the officers of the defendant had actual notice of the dangerous condition of such excavation, the plaintiff had a right to give evidence of the effect upon her that actually and naturally followed the injury, as a consequence thereof.

SAME.—*Damages for Permanent Injury.*—The plaintiff in such action was entitled, on evidence that the injury was permanent, to recover for prospective as well as past damages.

SAME.—*Occupation of Injured Person.*—It was competent in such action for the plaintiff to give evidence of her occupation, and the effect of the injury as affecting her ability to continue in such occupation.

SAME:—*Declarations Indicating Pain.*—Complaints by the plaintiff, of pain caused by the injury, were also competent evidence.

SAME.—*Town Liable for Act of Third Person.*—It is the duty of a town to keep its public streets and alleys in a safe condition for ordinary use as such, and the fact that they are rendered unsafe by the act of a third person, without license from the town, is no defence to an action for an injury caused by such act.

SAME.—*Presumption.*—*Notice.*—A traveller using a public street in the ordinary manner, without knowledge that it is defective, has a right to presume that it is in safe condition ; but if he have notice of the defect, and does not use ordinary care to avoid injury therefrom, the town is not liable.

From the Elkhart Circuit Court.

*J. H. Baker* and *J. A. S. Mitchell*, for appellant.

*J. D. Osborn*, *R. M. Johnson* and *E. G. Herr*, for appellee.

PERKINS, J.—Lydia Ritter sued the town of Elkhart, to recover damages occasioned to her by a fall into a pit in the sidewalk of one of the most public streets of said town, viz., Jackson street. She alleged that the town negligently permitted an excavation to be made in said sidewalk, about ten feet wide, eight feet deep and sixty feet in length, " and so situated as to prevent pedestrians from passing along the said sidewalk of said street without turning out into that portion of said street usually devoted to wheeled vehicles ; that said excavation was upon one of the streets of said town most used by the public for ordinary business purposes; and was by the defendant so negligently and carelessly allowed to remain, several days prior to said accident, without any proper or sufficient guards, lights, notices or railings to warn people and prevent them falling there-

in; that, at the date of said accident (about March 13th, 1873), the plaintiff resided in said town and was engaged in daily labor, by which she gained her support, and upon which she was dependent for such support; that, about seven o'clock in the evening of said day, it then being nearly or quite dark, she attempted to pass along the south side of said Jackson street, toward the corner of Main street, when, without fault or negligence on her part, she fell into said excavation, and was thereby greatly injured, both externally and internally, disabled to labor, put to great expense," etc., and she claims damages in the sum of two thousand dollars.

Demurrer to the complaint, as not showing a cause of action, overruled, and exception entered.

Answer in four paragraphs:

1.  That said defendant denies notice or knowledge of said excavation.

2.  " That said street and sidewalk were excavated and dug up by one McNaughton, without the knowledge and consent of this defendant, and that defendant had no means nor funds, nor the control of any, to repair said street and sidewalk, and no way to raise any means or funds, under the law, to make such repairs; wherefore it did not and could not make them.

3.  That said defendant " admits that there was an excavation made on a certain street, in the town of Elkhart, at the place mentioned in said complaint, and admits that said plaintiff fell into the same and was thereby injured as alleged; but the said town avers that she gave her consent to one John McNaughton to dig out a stair-way to the basement of the brick store on the south-west corner of Main and Jackson streets; that said McNaughton undertook and promised to make and protect said excavation carefully and skilfully; that said McNaughton caused and procured the said excavation to be covered up and securely protected, but, the frost unexpectedly coming out of the

ground and the earth thereby becoming loosened, the said walk, and the earth thereunder gave way and sunk, on the same day as that on which the alleged injury occurred, and the plaintiff fell into the said hole or excavation so made by said earth giving away, as aforesaid. Wherefore," etc.

4. The general denial.

The plaintiff moved that the first, second and third paragraphs of answer be struck out, which motion was overruled as to the first and second and sustained as to the third; exceptions. A demurrer was then filed to the first and second paragraphs of the answer, which was sustained, and exception entered. Trial by jury. Verdict for plaintiff for five hundred dollars, and judgment, over a motion for a new trial, on the verdict. Exception. This was in April, 1875. On the 30th of April, 1877, the record on appeal to the Supreme Court was filed, on which errors as follows were assigned:

1. Overruling the demurrer to the complaint;

2. Sustaining the motion to strike out the third paragraph of the answer;

3. Overruling the motion for a new trial.

The complaint might have been subject to a motion for greater certainty, but it was sufficient on demurrer. 2 R. S. 1876, p. 79, sec. 90, and notes; *Scudder* v. *Crossan*, 43 Ind. 343; *Wiles* v. *Lambert, post*, p. 494.

The complaint is good under the decision in *The City of Fort Wayne* v. *De Witt*, 47 Ind. 391. See *Higert* v. *The City of Greencastle*, 43 Ind. 574. It states facts from which the clear inference is that the town had knowledge of the excavation and its condition, while no such inference can arise, as to knowledge on the part of the plaintiff. The town is alleged to have a population of about five thousand inhabitants, and, while it appears that the plaintiff was a resident of the town, it is not shown in what part of it she resided, and, being an employee at daily labor, upon which she depended

for support, no inference arises that she had knowledge of the condition of the excavation or of the excavation itself; while the decisions are, that, where the averment is made, as in this case, that the plaintiff was without fault, the facts alleged must, to overcome that allegation, show very clearly its falsity. *The City of Fort Wayne* v. *De Witt*, *supra*.

As to the second error assigned, it may be said, that, if it was irregular to strike out the third paragraph of answer (*Clark* v. *The Jeffersonville, etc., R. R. Co.*, 44 Ind. 248),still the action of the court was harmless, as all the matters of defence alleged in said third paragraph were admissible in evidence under the general denial. Besides, that paragraph did not deny notice to the defendant of the caving in of the earth.

The grounds for a new trial will all be presented in considering and deciding upon the instructions given and refused on the trial of the cause.

Counsel, in their brief, make no objection to the instructions given by the court of its own motion. They complain of the refusal of the court to give the second, third, ninth, tenth and eleventh instructions asked by the defendant.

The third instruction asked was properly refused. It asked the court to say to the jury that the complaint did not show notice of the excavation to the city. We have already decided that it did.

We need not set out the ninth, tenth and eleventh in full. What we shall say in the remaining part of this opinion will dispose of them all.

There was evidence in the cause that the plaintiff fell into an excavation in the sidewalk mentioned in the complaint, near eight o'clock, on a dark evening; that said excavation was about five feet wide, forty feet long and four feet deep ; that it was in a dangerous condition and known to the officers of the town to be so ; that they had actual no-

tice of the caving in of earth mentioned, by two or three o'clock P. M., on the day of the evening the accident happened, but caused no guards or protection from danger to be placed over or about it, and there was no evidence that the plaintiff had any notice of the character or condition of the excavation; there was evidence that the fall caused a badly sprained ankle and internal injury; that the appellee vomited blood on the night of the injury after the injury occurred; that she suffered from the sprained ankle and the internal injury continuously for months, etc.

We now state some legal propositions:

1. "The complaint charged that the plaintiff was grievously bruised, hurt, and injured" (internally and externally). "Under these general allegations, the plaintiff was entitled to prove any and all injuries which he received, and which were the natural consequence of the wrongful act of the appellant. * * The specific averments of injury did not limit and restrict" evidence "to the specific injuries charged." *The Ohio, etc., R. W. Co.* v. *Selby*, 47 Ind. 471, on p. 497. In the case at bar, we may remark, the internal injury was actually caused by the wrongful act of the defendant, as much as was the sprained ankle, and on the trial the plaintiff had a right to show the effect upon her that actually and naturally followed that injury, as a consequence of it.

2. "A person injured by a defective highway can bring but one action for the damages, and, where the injury is permanent" (or continuous in its effects) "may recover prospective as well as past damages." *Weisenberg* v. *The City of Appleton*, 26 Wis. 56. 2 Greenl. Ev., 13th ed., sec. 89, and cases cited in note 3.

3. In such action "evidence showing the business in which the plaintiff was engaged, its extent and the consequent loss arising to him from his inability to prosecute it, is relevant and pertinent, as enabling the jury to fix, with some certainty, the direct and

necessary damages resulting from his injuries." *Nebraska City* v. *Campbell*, 2 Black, 590. Greenleaf Ev., *supra*; *The City of Indianapolis* v. *Gaston*, 58 Ind. 224.

4. Complaints of the injured party of pain, soreness, etc., may be competent evidence in his or her own behalf. *Werely* v. *Persons*, 28 N. Y. 344. The plaintiff in that case gave evidence tending to show that the immediate effect of the violence to his person was to produce a pain in the plaintiff's side. Soon after, the plaintiff left the defendant's house to go to his father's, and as he walked away he held his side, etc. The next day he went to one Cherritree's to work, and remained for two months, and while there slept with one Geeley. The plaintiff was allowed to prove by Geeley, notwithstanding the defendant's objection, that during the entire two months he complained of his right side, etc.

"The only question in the case," says ROSEKRANS, J., in delivering his opinion, " is whether this testimony was properly admitted. And that question seems to have been determined by this court in the case of *Caldwell* v. *Murphy*, 1 Kern. 416.    *    *    This testimony was of the same nature as that given in the case under consideration.    *    * Phillipps says, in his treatise on Evidence, (vol. 1, 182, Edw. ed.) the representations of a patient to his medical attendant, who has an opportunity of observing whether they correspond with the symptoms to which they refer, appear to be entitled to greater weight than if made to an inexperienced person, and to afford stronger presumption that they are genuine ; but that they are admissible in evidence, though made to another not a medical attendant. Greenleaf lays down the same, (1 Greenl. Ev., sec. 102,) and both of these authors say that when it is material to enquire as to the bodily or mental feelings of a party, the usual expressions of such feelings, made at the time in question, are in the nature of original evidence."

SELDEN, J., in the same case, said : " The declarations in this case are a little more remote than in the previous cases, and the circumstances are such as to throw more doubt upon their sincerity, but their remoteness was not such as to furnish ground for their exclusion. I think it entirely safe to leave the question to the jury in all such cases, whether any and what credit shall be given to such declarations." All the Judges concurred.

5. It is the duty of a town to keep its public streets and alleys in a safe condition for use, in the usual modes, by travellers; and it is no defence to a suit for such injury, that such defect was caused by a third person, without the consent of the town; but such third person might be liable over to the town. *The Town of Centerville* v. *Woods*, 57 Ind. 192 ; *The City of Aurora* v. *Colshire*, 55 Ind. 484.

The above legal propositions and authorities clearly vindicate the action of the court in refusing to give the ninth, tenth and eleventh instructions asked by the defendant.

The second instruction asked and refused follows :

" If a person knows there is an obstruction in a street, to pass the place, when in consequence of the darkness of night he cannot see the obstruction, he has no reason to complain of the injury he may receive on the occasion ; he takes the risk in such case upon himself."

This instruction the court refused to give, and, in lieu of it, gave the following :

" If the plaintiff knew that the defendant or others were making or had made an excavation where the injury was received, then the law would require more care on her part to avoid injury than if she knew nothing about it. When a person knows of an excavation, the law requires of him to exercise such reasonable care as an ordinarily prudent and cautious person would use under like circumstances ; and, if this is done and an injury results, the person is without fault."

Counsel cite in support of the instruction as asked and refused, *The President, etc.,* v. *Dusouchett,* 2 Ind. 586. The court in that case laid down the proposition embodied substantially in the refused instruction, on the following facts (we quote from the opinion of the court): "We do not think this third count is sustainable. It alleges that the plaintiff had given the defendants notice to remove the boiler. That is virtually alleging that the plaintiffs knew the situation of the boiler before the rise of the river. Taking all the allegations together into consideration, and considering also that if there is any incongruity between them the construction must be taken most strongly against the pleader, the count must be viewed as showing that the plaintiffs had sufficient knowledge of the place of the boiler to enable them to avoid exposing their boat to any danger from it. With that knowledge, the plaintiffs took the boat over that part of the street where the boiler lay, and kept the boat there in the nighttime until, on account of the fall of the water, the boat settled down upon the boiler.

"Those facts show that the plaintiffs have no cause of action. If a person knows," etc. And, in the case of *Butterfield* v. *Forrester,* 11 East, 60, it is said: "A party is not to cast himself upon an obstruction which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right. * * One person being in fault will not dispense with another's using ordinary care for himself."

In the case at bar, the plaintiff did not throw herself upon an obstruction, or into a pit, the precise location and condition of which she had knowledge, without due care, etc. She had no knowledge of the condition of the sidewalk, and had a right to presume that the town had done its duty in putting it in safe condition. See *Waters* v. *Wing,* 59 Pa. State, 211, and *The City of Indianapolis* v. *Gaston,*

*supra.*  As applicable to the facts of this case, the instruction asked was not law.  See *The Wayne County Turnpike Co.* v. *Berry,* 5 Ind. 286.

The damages given by the jury in the case were light.

We find no error in the record, for which the judgment should be reversed.

Affirmed, with costs.