MINA SEYMOUR, Respondent, *v.* THE VILLAGE OF SALAMANCA, Appellant.

*It seems*, the exercise of the power to lay out and open streets conferred upon villages incorporated under the act of 1870 (Chap. 291, Laws of 1870), is *quasi* judicial and discretionary, and no private action lies for an omission to exercise such power, although it may be made to appear that the public interests require its exercise.

Where, however, a street has been opened for public travel, the ministerial duty to keep it and its sidewalks in repair attaches, and a person lawfully passing along the street, using due care, who is injured through the negligent omission of the village authorities to perform such duty, may maintain an action for damages against the village.

In an action to recover damages for injuries sustained by plaintiff because of a defect in a sidewalk on one of defendant's streets, it appeared that the sidewalk was originally constructed by a citizen along a private way. Proceedings were instituted under said act to lay out a street, which included the private way. The record did not show that prior to posting and serving of notices of a meeting to hear objections, defend-

ant's board of trustees had, by formal resolution, decided to make the improvement as required by the act (Tit. 10, § 7). A hearing of objections was had pursuant to the notice, and thereafter the trustees declared, by resolution, their intention to make the improvements, made an order in due form laying out the street, and proceeded to and did open the street. *Held,* that assuming the omission of the trustees to make the declaration by formal resolution on presentation of the petition was a jurisdictional defect, the objection could not be taken by the village as a defense.

The order laying out the proposed street was made in 1882; the land embraced in it except that part forming the private way was open, uninclosed ground. In 1883 houses were erected adjacent to and on both sides of the street beyond the private way, and the owners were notified to build sidewalks in front of their premises, which they did. In 1884, the road commissioner was notified by the board of trustees to remove all obstructions in the street and open up the same; at this time the street was used so far as the houses extended, and the public were accustomed to use the sidewalks, including the one in question. The part of the street beyond the residences was not rendered fit for travel until 1886. The accident happened in 1885. Defendant claimed that the street had not at that time been so far opened as to impose a duty upon it to maintain any supervision over the sidewalks, or to render it liable for injuries caused by defects thereon. *Held,* untenable; that the public had the right to assume that the street, so far as the houses extended, was in use by permission of the village as a public street.

(Argued February 8, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and facts, so far as material, are stated in the opinion.

*William H. Henderson* for appellant. No civil action is maintainable against the municipal corporation for a failure on the part of its trustees to exercise the power conferred upon it to make and open up for public travel new streets. (*Mills* v. *City of Brooklyn,* 32 N. Y. 489; *Hines* v. *City of Lockport,* 50 id. 236; *Urquhart* v. *City of Ogdensburg,* 91

id. 67; *Wilson* v. *Mayor, etc.*, 1 Denio, 595.) The duty of the street authorities to actually go on to the land and make a road thereon for public use, is discretionary, and until such discretion is actually exercised by making upon the land a roadway and opening the same to public use, and thereby inviting its use by the public, no civil action is maintainable against the municipal corporation by reason of any obstruction thereon. (*Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Hines* v. *City of Lockport*, 50 id. 236; *Urquhart* v. *City of Ogdensburg*, 91 id. 67; *In re State Board of Commissioners*, 41 Am. Rep. 821; *Town of Dayton* v. *Town of Rutledge*, 25 id. 457; *Requa* v. *City of Rochester*, 45 N. Y. 129; *Dygert* v. *Schenk*, 23 Wend. 446.) The record in evidence does not show that the trustees had jurisdiction to lay out the alleged highway; no obligation rested upon the defendant to either construct or maintain the so-called street or the sidewalk therein. (*City of Cohoes* v. *D. & H. C. Co.*, 47 N. Y. S. R. 312; *Johnson* v. *Whitney*, 102 N. Y. 81; *Miller* v. *Brown*, 56 id. 383; *Caulkins* v. *Chamberlain*, 37 Hun, 163–168; *People* v. *Walsh*, 87 N. Y. 481, 485; *Merritt* v. *Village of Port Chester*, 71 id. 309; *Seewell* v. *City of Cohoes*, 75 id. 45; *New York City* v. *Sheffield*, 4 Wall. 189; *Porter* v. *Village of Attica*, 33 Hun, 605.) The court should have charged as to contributory negligence as requested by defendant. (*Hale* v. *Smith*, 78 N. Y. 480, 484; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Becht* v. *Corbin*, 92 id. 658.) The defendant was entitled to have the jury instructed that if the evidence and all the circumstances disclosed are such as to leave the minds of the jury in doubt, that the defendant is entitled to the benefit of the doubt, and not the plaintiff. (*Becht* v. *Corbin*, 92 N. Y. 658; *Hale* v. *Smith*, 78 id. 480, 484; *Clapp* v. *Town of Ellington*, 51 Hun, 58; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375.)

*W. S. Thrasher* and *J. B. Fisher* for respondent. The defendant cannot be permitted to say here that Water street was not a public highway over which it had ample power and

jurisdiction, or to deny its duty to the public to keep it, with its sidewalks, in a reasonably safe condition for travel over it. (Laws of 1871, chap. 870; Laws of 1878, chap. 28, § 26; Laws of 1880, chap. 422; *Sewell* v. *City of Cohoes*, 75 N. Y. 45; *Porter* v. *Vil. of Attica*, 33 Hun, 607; *Ivory* v. *Deer Park*, 27 N. Y. S. R. 643; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303.) The neglect to repair this walk, after notice of the defect, was the neglect of a ministerial duty on the part of the trustees which renders the corporation liable for a resulting injury. (*Mills* v. *City of Brooklyn*, 32 N. Y. 489; *Urquhart* v. *City of Ogdensburg*, 91 id. 67; 97 id. 238; *Hines* v. *City of Lockport*, 50 id. 236; *Hubbell* v. *Yonkers*, 35 Hun, 349; *Maxim* v. *Champion*, 23 N. Y. S. R. 949; *Danaher* v. *City of Brooklyn*, 22 id. 644; *Hyatt* v. *Vil. of Rondout*, 41 N. Y. 619; *Saulsbury* v. *City of Ithaca*, 94 id. 27; *Seifert* v. *City of Brooklyn*, 101 id. 139; *Langlois* v. *City of Cohoes*, 58 Hun, 226; *Hiller* v. *Vil. of Sharon Springs*, 28 id. 344; *Pomeroy* v. *Vil. of Saratoga Springs*, 34 id. 607.) Where the charge already given covers the entire ground and submits the question properly to the jury, the court may refuse to charge further in words of counsel, or to give further instructions. (*I., etc., R. R. Co.* v. *Horst*, 3 Otto, 291; *Holbrook* v. *U. R. R. Co.*, 12 N. Y. 236; *Rexter* v. *Starin*, 73 id. 601.)

*Per Curiam.* Villages incorporated under chap. 291, of the Laws of 1870, possess the power to open and improve streets within the corporate limits and maintain sidewalks therein, and may require the owners or occupants of lands on the streets to construct sidewalks in front of their premises, and in case of default of such owners or occupants to comply with such requirement the trustees are authorized to make the improvement and charge the expense upon the lands. (Tit. 7, § 1; tit. 3, § 4.)

The exercise of the power to lay out and open streets, given by the act, is *quasi* judicial and discretionary and no private action lies for the omission by a village to exercise the power, although it may be made to appear that the public interests

require its exercise. But where the discretion has been exercised and the street has been opened for public travel, the ministerial duty to keep the street and sidewalk in repair attaches, and for a negligent omission by the village authorities to perform such duty, whereby a person, lawfully passing along the street and himself using due care, is injured, an action lies in his favor against the village for damage. (*Nelson* v. *Village of Canisteo,* 100 N. Y. 89.)

The present action was brought for an injury sustained by the plaintiff from slipping into a hole in a plank sidewalk on the north side of Water street in the village of Salamanca, on the evening of November 24, 1885. The sidewalk was originally constructed by one Farnam in front of his premises in 1881 or 1882, before any proceedings had been taken to open Water street. A private way had been opened between the lands of Farnam and one Hevenor, extending easterly from Willlam street to the west line of Farnam's land. He had built five houses on the tract fronting on the private way and the sidewalk was constructed for the accommodation of his tenants. In June, 1882, proceedings were instituted by petition in conformity with sec. 1, tit. 7, of the act of 1870, for the laying out of a street, particularly described in the petition, extending westerly from William street 1,269 and $\frac{1}{2}$ feet, and thence northerly 578 and $\frac{1}{2}$ feet to River street. The proposed street included the private way laid out by Farnam and it is inferable from the evidence that the sidewalk constructed by him was along the north bounds of the proposed street.

The proceedings resulted in the making of an order by the board of trustees of the village on the 26th day of June, 1882, laying out the street in accordance with the prayer of the petition. The land owners whose lands were included in the street, with two exceptions, released any claim for damages, and a jury was duly summoned and an award of damages made July 5, 1882, to the two land owners who had not released their claims, and on or prior to April 21, 1883, they accepted the sums awarded them respectively.

There are but two questions of law presented by the record which require special consideration. It is claimed by the learned counsel for the defendant that the street was not legally laid out, for the reason that on the presentation of the petition the trustees did not decide, by resolution entered in the minutes, that the improvement petitioned for should be made. The act provides (Tit. 7, § 10): "On the presentation of such petition the trustees shall and must meet, and examine the same; and if they decide the improvement shall be made, *they shall so decide by resolution to be entered in the minutes of the board;* and they shall thereupon put up, in five public places in said village, a correct description of the lands to be taken to make such improvement, and a notice that the trustees at a place and on a day, and at an hour therein specified, not less than five days from the date and posting thereof, will meet and hear any objections." The record does not show that the trustees, prior to posting and serving the notices of the meeting to hear objections, decided by formal resolution to make the improvement. There was no other irregularity in the proceedings. The hearing of objections was had pursuant to the notice and after the hearing the trustees by resolution declared their intention to make the improvement, which was entered in the minutes, and made an order laying out the street in due form, and proceeded to have assessed the damages to the persons who did not release their claims, and they were paid.

We deem it unnecessary to inquire whether the omission of the trustees to declare by formal resolution, on the presentation of the petition, their decision that the improvement should be made and to have the same entered in their minutes, was a jurisdictional defect. Assuming that it would have furnished a defense to a person whose lands were sought to be taken, the objection cannot be taken by the village as a defense to this action, provided it proceeded to open the street and the injury resulted from its negligent omission to keep it in a safe condition. The village by the proceedings and the voluntary release of the land owners who consented to release their claims for damages, and the payment to the others of the

award made, acquired the right to open the street as against the land owners. No objection was in fact interposed so far as appears by any one. The irregularity in the proceedings was due to the omission of the trustees to precisely follow the direction of the statute, and the village ought not to be permitted to escape liability, if in other respects it was established, by alleging this informality. (*Sewell* v. *City of Cohoes*, 75 N. Y. 45 ; *Saulsbury* v. *Village of Ithaca*, 94 id. 27 : *Jewhurst* v. *City of Syracuse*, 108 id. 303.)

The other principal defense is that in fact the street had not been opened in November, 1885, when the alleged injury happened. It appears that in 1882, when the order laying out the proposed street was made, the land embraced in the proposed street was part of open, unclosed ground, except the part forming the private way of Farnam near William street. There were some stumps standing upon the ground, and otherwise the land was in its natural state. But in 1883, after the laying out of the street, quite a number of houses were erected adjacent to the street west of the Farnam lot, on both the north and south sides. On September 24, 1883, the trustees instructed the clerk of the village to notify the persons occupying these houses to build a sidewalk in front of their premises on "Water street." November 7, 1883, the clerk was instructed to notify Farnam "to extend his sidewalk to fill up a gap on premises owned by him on Water street." May 19, 1884, the road commissioner was instructed "to take down fences and all obstructions on Water street and open up the same." At this time (May 19, 1884) the street was used west from William street so far as the houses extended and sidewalks had been constructed in front of all or most of the houses, and people were accustomed to use the sidewalk on the north side of Water street to reach William street and the centre of the village, passing over the sidewalk in front of the Farman houses. West of the residences on Water street the street was not used, and some part of it was covered with water. Some work was done by the village on the street west of the residences in 1884, but that part of Water street was not

rendered fit for travel until 1886 or after.    It does not appear that the clerk served the notices to build sidewalks required by the resolution of September or November, 1883, but they seem to have been built.    The accident to the plaintiff occurred while walking on the sidewalk in front of Farnam's houses.

The court charged the jury that if the village had (at the time of the accident) "adopted Water street and assumed control over it, directed in reference to it, it became a street and it was required to keep the street and sidewalk in reasonable repair."    It is insisted, on the part of the defendant, that the street had not been so far opened at the time of the accident as to impose any duty on the village to maintain any supervision over the sidewalks, and that while it was in an unfinished condition and was in the process of being adapted for travel, it was not liable for any injury resulting to individuals from defects in the sidewalks.

We are of opinion that enough was shown to justify the jury in imposing a liability upon the village for injury resulting from the unsafe condition of the sidewalk in front of Farnam's land.    The public had a right to assume that the street, from William street, so far as the houses extended, was in use by the permission of the village as a public street. The orders made by the trustees assume that sidewalks were necessary.    It treated Farnam's walk as a public passageway, by requiring its extension.    The open and continued use of the street, as such, by the inhabitants of the village, it must be assumed, was known by the corporation.

In the view we have taken, it is unnecessary to examine the exceptions to the charge relating to the street.    The charge, as made, properly presented the question to be decided, and we think no error was committed by the trial judge in his rulings on this branch of the case.    Nor are there any valid exceptions to the rulings upon the requests upon the point of contributory negligence of the plaintiff.    The court stated the correct rule to the jury, and this was all to which the defendant was entitled.    (*Niven* v. *City of Rochester*, 76 N. Y. 619.)    The negligence of the defendant, assuming that it was

bound to exercise care in keeping the sidewalk in a safe condition, was, upon the evidence, a question for the jury.

We find no error in the record, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.