CLARENCE A. McVEE, an Infant, by FRANK McVEE, his Guardian ad Litem, Respondent, *v.* THE CITY OF WATERTOWN, Appellant.

*Highways of municipal corporations — dedication and acceptance — effect of a map made by the owner — liability of the city — burden of proof as to opening and working — allowing a four-year old child on the street alone is not contributory negligence.*

A public highway may be created by dedication through offer and actual acceptance, and the question whether a public highway has been so created is ordinarily one of fact.

Where a plat, showing streets, is made and recorded by an owner of land, the requisite intention upon the part of the owner is ordinarily indisputable, while the dedication and acceptance may be proved by the acts of the parties and the circumstances of the case.

Where a city assumes authority to control land as a street, it is chargeable with the same duties and is subject to the same liabilities as if the street had been lawfully laid out, and it is estopped from questioning the fact that it is a lawful street.

The provisions of law which enact that every highway that shall not have been opened and worked within six years from the time when it was dedicated to the public use, or when it was laid out, shall cease to be a highway, are to be construed as meaning that the street or highway must have been opened as such over its entire route, but these provisions do not mean that it must have been worked in every part; it is sufficient that it has been worked to such an extent that it was passable for public travel.

Where a city urges that a street has not been worked within six years, the burden of proof is upon the city to show that fact.

Although a sidewalk, defective in its construction, was not laid by a city, the city is liable to one who is injured because of the defects, where these have existed for a period of five or six months.

It is not negligence, as matter of law, for the aunt of a child four years old, with whom the child is staying temporarily, to permit it to go upon the street unattended.

The fact that the uncle of the child built the defective sidewalk upon which the child is injured, does not affect the right of the child to recover damages from the city for the injuries which have resulted from such defect.

APPEAL by the defendant, The City of Watertown, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Jefferson on the 27th day of May, 1895, upon the verdict of a jury rendered after a trial at the Jefferson Circuit, and also from an order entered in said clerk's office on the 25th day of May, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Edward N. Smith,* for the appellant.

*G. S. & H. L. Hooker,* for the respondent.

MERWIN, J.:

On October 1, 1894, the plaintiff, then being an infant about four years old, fell upon a sidewalk on Grant street, so called, in the city of Watertown, and received an injury, the damages arising from which he seeks in this action to recover of the defendant upon the ground of negligence. It is claimed by the defendant (1) that Grant street, so called, is not a public highway; (2) that if it is the defendant was not negligent, and (3) that plaintiff, or those who had the care of him, were guilty of contributory negligence. All these questions were submitted to the jury, and the verdict was adverse to the defendant.

On the 20th of October, 1886, the common council of the defendant adopted a resolution, a copy of which is as follows:

"*Resolved,* That the following named streets, Grant, Hancock, Tilden, Lincoln and Seward, be and they are hereby accepted as public highways in accordance with the map thereof heretofore filed by D. G. Griffin."

It appears that prior to the passage of this resolution Mr. Griffin, then being the owner of a tract of land northerly of Main street in the northerly part of the city of Watertown, filed in the office of the clerk of Jefferson county a map or plat of the property laid out in lots with streets in regular form. The streets named in the resolution are those indicated and laid out on the map. Grant street upon the map extended in a direct line northerly from Main street about 1,200 feet. The house, in front of which was the sidewalk in question, was owned by one Morrill, and was built in or prior to 1892 on the easterly side of Grant street about 860 feet from Main

street. Beyond it northerly there was no other house on that side of the street. On the other side of the street there were two houses further north. Beyond that on the north there was indication of a street for 150 or 200 feet, and beyond that point there was a fence across the street. Other houses had been built along the street southerly of the Morrill house. In 1893 the city authorities built, in Grant street, a sewer running from Main street northerly about 700 feet. There was evidence tending to show that for several years before 1893 the street had been open and used as a street by the public generally for walking and driving, and to some extent farther north than Morrill's.

A public highway may be created by dedication through offer and actual acceptance. (*City of Cohoes* v. *D. & H. C. Co.*, 134 N. Y. 397.) The question whether a public highway has been so created is ordinarily a question of fact, as it involves the intent and acts of the owner and the alleged acceptor. (*Flack* v. *Village of Green Island*, 122 N. Y. 107.) Where a plat is made and recorded, the requisite intention on the part of the owner is generally indisputable. (2 Dillon Mun. Corp. § 636.) The dedication and acceptance may be proved by the acts of the parties and the circumstances of the case. (*Cook* v. *Harris*, 61 N. Y. 448.)

In *Sewell* v. *City of Cohoes* (75 N. Y. 45), which was an action for negligence in not keeping a street in safe condition, and in which it was claimed by the city that the street had never been legally laid out, and was not a legal highway, it is said (p. 51): "Having the power to lay out streets, the omission to do it lawfully does not exonerate the corporation from liability from negligence when its officers assume to hold out to the public that a street is located within its limits, and they are invited to use it and to travel upon it. Such a rule would compel a traveler to determine for himself whether the street was lawfully laid out, and is not upheld by the case cited or supported by authority. Although the precise question discussed has never been directly presented in this State, the authorities are numerous which sustain a contrary view, as will be seen by a reference to the cases. In *Mayor* v. *Sheffield* (4 Wall. 189) it is held that where the authorities of a city or town have treated a place as a public street, taking charge of it and regulating it as they do other streets, and the injury occurs by reason of negli-

gence, the corporation cannot, when sued for such injury, defend itself by alleging irregularity in the proceedings or a want of authority in establishing the street. The rule is well settled that the act of the city in assuming authority to control the land as a street, renders it chargeable with the same duties, and imposes upon it the same liabilities as if it had been lawfully laid out, and it is estopped from questioning that it was a lawful road or street. (*Houfe* v. *Town of Fulton*, 34 Wis. 608; *Stark* v. *Lancaster*, 57 N. H. 88; *City of Aurora* v. *Colshire*, 55 Ind. 481; *Phelps* v. *City of Mankato*, 23 Minn. 276.) In the last case cited it was held that it was immaterial whether the street became such by formal acceptance and user by the public so far as regards the duty of the city to keep it in safe condition."

Applying these authorities to the facts of this case, the defendant cannot, we think, complain because the question of dedication and acceptance was left to the jury.

But the defendant urges that if Grant street became a highway in 1886, it had ceased to be such before the happening of the accident in question, under the statute that provides that every highway that shall not have been opened and worked within six years from the time it shall have been dedicated to the use of the public or laid out, shall cease to be a highway. (Section 99 of the Highway Law [Chap. 568, Laws of 1890], re-enacting in substance section 99 of title 1, chapter 16, part 1 of the Revised Statutes [1 R. S. 520], as amended by chapter 311 of the Laws of 1861.) There was evidence that the street in question had been opened beyond the locality in question within six years from 1886. It was shown to have been worked to some extent by the city authorities in 1894, but whether or not it had been worked before 1894 does not appear, except perhaps by inference from the evidence that it was passable for public travel and had been used by the public for travel within the six years beyond the Morrill premises. As said in *Beckwith* v. *Whalen* (70 N. Y. 435): "It must be opened as a highway over its entire route. It need not be worked in every part, but it must be worked sufficiently to be passable for public travel."

The burden of proof was on the defendant to show that the road had not been worked within the six years. (*The City of Cohoes* v. *D. & H. C. Co., supra; Horey* v. *Village of Haverstraw*, 124

N. Y. 273.) That being so, we have, I think, no right to say, as matter of law, that it was not worked within that time.

So that, for aught I see, we must accept the conclusion of the jury that, so far as this case is concerned, there was a public highway at the locality in question.

We then come to the question whether there was sufficient in the case to justify the finding of negligence on the part of the city. It is not claimed that the sidewalk upon which the plaintiff fell was not defective, or that the defect then existing did not cause the injury. The sidewalk was not built by or under the direction of the city authorities and they had no actual notice of the defect, and it is claimed that under the circumstances the city should not be chargeable with constructive notice. The defect had, however, existed for the period of five or six months, and it was a question of fact whether the city authorities, in the exercise of reasonable care, should have discovered the defect and remedied it. "Actual notice to the proper municipal authorities of a defect is not necessary in order to charge it with negligence; they owe to the public the duty of active vigilance, and where a street or sidewalk has been out of repair for any considerable length of time, so that by reasonable diligence they could have notice of the defect, such notice may be imputed to them." (*Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459.) The fact that the sidewalk was constructed without the authority of the city does not change the rule. (*Saulsbury* v. *Village of Ithaca*, 94 N. Y. 27; *Seymour* v. *Village of Salamanca*, 137 id. 364.) We are referred by the defendant to the case of *Griffin* v. *Mayor, etc.* (9 N. Y. 456), as laying down a different rule on the subject of notice. So far as that case holds that actual notice is necessary, it must be deemed to have been overruled by the later cases. (See *Requa* v. *The City of Rochester*, 45 N. Y. 135.) The question of negligence was, we think, properly submitted to the jury.

The question of contributory negligence on the part of those who had charge of the child is urged with a good deal of earnestness by the learned counsel for the defendant, but we find no good reason for taking the question away from the jury. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464; *Weil* v. *D. D., E. B. & B. R. R. Co.*, 119 id. 147, 153.) If the aunt of the child, in whose

charge he was upon the day of the injury, permitted him to be on the city street unattended, we cannot say, as matter of law, that she was negligent. (*Huerzeler* v. *C. C. T. R. R. Co.*, 139 N. Y. 490.) The fact that the uncle of the child, in whose house the child was on that day staying temporarily, built the defective sidewalk, does not deprive the child of any legal remedy he may have against the city.

Our attention is called to a number of exceptions to rulings upon evidence. We find, however, no sufficient ground for reversal. The directions given by the aunt to the child were competent on the question of contributory negligence. The right of the superintendent of public works to do the work which he did on the street appeared in the progress of the case.

The evidence that one of the members of the common council knew of the locality in question was received conditionally and no motion was afterward made to strike it out. It is not clear that it was of any materiality as the case stood.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order affirmed, with costs.