GEDDES COARSE SALT COMPANY, Respondent, *v.* NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY, Appellant.

**Real property — effect of deed conveying land abutting upon a highway — conveyance by public grant — when land conveyed by state is bounded by a highway as laid down on a map, the presumption that only fee to center of highway is conveyed must prevail.**

1. It is the general rule that a conveyance by reference to a map which shows the premises being conveyed as abutting upon a highway, as between the grantor and grantee, conveys to the latter title to the fee of the highway to the center line thereof. This is the rule as against the state, as well as against a private grantor, and it applies even though at the time of the conveyance the highway as shown upon the map has not been accepted and used by the public as such, and although the grant by its terms or by reference to a map gives an area of the premises being conveyed which is satisfied without resort to the land included in the highway.

2. The state by letters patent conveyed to the plaintiff herein land described as subdivision 17 of designated farm lots as said subdivision was laid down upon a map of said farm lots, made by the state surveyor and filed in the office of the secretary of state.

The map showed said subdivision as abutting, by its southerly boundary, on a road, which road had in turn for its southerly boundary the blue line of the enlarged Erie canal then in process of construction and the distance from this blue line to the base line of the canal was thirty-three feet. For some time before the grant in question said road apparently was not used by the public in the portion bounding subdivision 17 but at least some part of it seems to have been occupied by a storehouse belonging to plaintiff. The area of said subdivision as given by the letters patent and the map is satisfied without incorporating in the grant any portion of the highway. The plaintiff claims ownership of the whole of the highway in front of subdivision 17 upon the theory that the state was not the owner of or interested in land on the southerly side of the highway in such manner as would justify the presumption that it intended to retain title to the fee of such southerly half of said highway. *Held*, that it does not follow as a conclusion of law that when the state made its conveyance to plaintiff it had no interest in retaining the fee to the southerly half of the roadway or that such retention would secure a barren and useless right; that, on the contrary, the ownership of the strip of thirty-three feet adjoining the canal lands may be a right of much value and convenience to the state; that the general rule prevailing in the case of grants of land abutting on highways should be followed, and that no sufficient reason exists for awarding to plaintiff the title to the fee of the entire roadway instead of one-half thereof.

*Geddes Coarse Salt Co.* v. *Niagara, L. & O. Power Co.*, 147 App. Div. 917, modified.

(Argued February 4, 1913; decided March 11, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 20, 1911, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Louis L. Babcock* and *Warren Tubbs* for appellant. The plaintiff must recover, if at all, solely upon the strength of its record title. (*Jarvis* v. *Lynch*, 157

N. Y. 445; *Jackson* v. *Harrington,* 9 Cow. 86.) There is no presumption from the facts in this case that the grant from the state to the plaintiff carries even to the center of the so-called four-rod road. (*Graham* v. *Stern,* 168 N. Y. 517; *Watson* v. *City of New York,* 67 App. Div. 573; 175 N. Y. 475; *Kennedy* v. *M. H. & F. Traction Co.,* 77 App. Div. 484; *Mott* v. *Mott,* 68 N. Y. 246; *White's Bank of Buffalo* v. *Nichols,* 64 N. Y. 65; *Higinbotham* v. *Stoddard,* 72 N. Y. 94; *K. C. F. Ins. Co.* v. *Stevens,* 87 N. Y. 287; *Cragin* v. *Powell,* 128 U. S. 691.)

*Jerome L. Cheney* for respondent. Plaintiff has title to the lands over which the wires of the defendant are strung. ·(*Bissel* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61; *Wager* v. *Troy Union R. Co.,* 25 N. Y. 526; *Haberman* v. *Baker,* 128 N. Y. 253, 259; *Hennessy* v. *Murdock,* 137 N. Y. 317; *Graham* v. *Stern,* 168 N. Y. 517; *Miller* v. *N. Y. & N. S. R. Co.,* 183 N. Y. 123; *Van Winkle* v. *Van Winkle,* 184 N. Y. 193; *Johnson* v. *Grenell,* 188 N. Y. 407; *Mangam* v. *Village of Sing Sing,* 11 App. Div. 212; *Gere* v. *McChesney,* 84 App. Div. 39; *Inter City Realty Co.* v. *Newman,* 128 App. Div. 195.)

Hiscock, J. This action was brought as one of ejectment to compel the appellant to remove wires used for conducting high power electric currents and strung above the boundaries of a highway, as shown upon a map which will be referred to. The facts which define the controversy are as follows:

In 1902 the state issued to the respondent letters patent whereby it granted and conveyed to it certain lands theretofore constituting part of the Onondaga Salt Springs Reservation and amongst which was one parcel, alone involved in this action, described as " Subdivision No. 17 (of Farm Lots 45 and 46) containing 13 42-100 acres," as said subdivision was laid down on a map of the farm lots in question made by one Greene, deputy

surveyor in August, 1849, and during said month filed in the office of the secretary of state. Said map showed said subdivision 17 as abutting at its southerly boundary on a road four rods wide, and which road in turn had for its southerly boundary the blue line of the enlarged Erie canal then in process of construction, the distance from this blue line to the base line of the canal as finally constructed and used being upwards of thirty feet. For some time before the grant in question said road apparently was not used by the public in the portion bounding subdivision 17 aforesaid, but at least some part of it seems to have been occupied by a storehouse belonging to the respondent. The letters patent and the map to which reference has been made gave the area of subdivision 17 and other parcels then being conveyed and such statement of such area is satisfied without incorporating in the grant any portion of the highway. Under these circumstances the question has arisen whether the respondent acquired title to all or to part of said highway as subdivision 17 abutted on the same, and this question by consent was disposed of by the trial court as a question of law, it holding that the respondent acquired title to the bed of the entire highway.

The general rule is that a conveyance by reference to a map which shows the premises being conveyed as abutting upon a highway, as between the grantor and grantee, conveys to the latter title to the fee of the highway to the center line thereof. This is the rule as against the state as well as against a private grantor, and it applies even though at the time of the conveyance the highway as shown upon the map has not been accepted and used by the public as such, and although the grant by its terms or by reference to a map gives an area of the premises being conveyed which is satisfied without resort to the land included in the highway. (*Bissell* v. *N. Y. C. R. R. Co.*, 23 N. Y. 61; *Matter of Ladue*, 118 N. Y. 213; *Trowbridge* v. *Ehrich*, 191 N. Y. 361; *Paige* v. *Schenectady*

*Ry. Co.*, 178 N. Y. 102, 111; *Van Winkle* v. *Van Winkle*, 184 N. Y. 193, 204.)

I see no reason for attempting to build up an exception to this general rule upon the facts presented in this case, but think that the respondent's title extended to the center of the highway opposite said subdivision 17, as shown upon the map.

The respondent, however, is not satisfied with this but insists that under its grant it took title to the fee of the entire highway, and thus it has so far been held.

The theory upon which it bases this contention is that the state was not the owner of or interested in land on the southerly side of this highway in such manner as would justify the presumption that it intended to retain title to the fee of such southerly half of said highway. The cases especially relied on in support of this theory are those of *Haberman* v. *Baker* (128 N. Y. 253) and *Johnson* v. *Grenell* (188 N. Y. 407). Each of these cases involved the principle so far as applicable to this discussion that where a highway has been constructed upon the margin of the grantor's land his subsequent grant of the abutting land should be deemed to include the fee in the whole roadbed because it will not be assumed that he intended to retain the fee to one-half of the roadbed under such circumstances.

In the *Grenell* case the grantor being the owner of an island in the St. Lawrence river constructed on its shore a road extending to the waters of the river, and thereafter made a conveyance of land abutting on said roadway, and it was said by Judge GRAY in writing for the court that "there is no sufficient reason apparent to infer an intention by the grantor, when parting with her title to the only land adjoining the road, to reserve any interest in the fee of the road itself. Manifestly, from the facts, an inducement to the purchaser of the lot was its being shown, and stated, to lie upon the shore of the island and the enjoyment of the riparian advantages conferred a dis-

tinct value. The ordinary presumption is that, in the absence of contradictory terms, the grantor does not intend to retain the fee of the soil in the street." (p. 410.)

I do not regard the facts presented in those cases as so parallel with the ones arising here as to compel or justify the adoption of the respondent's contention. The state is the owner of the canal and as already stated between the base line of the canal and the blue line which bounds the highway on the south there is a strip of land of considerable width. Under these circumstances it does not follow as a conclusion of law that when the state made its conveyance to respondent it had no interest in retaining the fee to the southerly half of the roadway or that such retention would secure a useless and barren right. On the contrary, it seems to me that the ownership of this extra strip of thirty-three feet adjoining the canal lands may be a right of much value and convenience. Thus again I feel that we should follow the general rule prevailing in the case of grants of land abutting on highways and that no sufficient reason exists for awarding to respondent the title to the fee of the entire roadway instead of one-half thereof.

These views lead to the conclusion that the judgment appealed from should be so modified as to determine that respondent acquired title to the northerly half of the highway on which its said premises abut according to said Greene map, and that it have ejectment against appellant as to said premises, and as modified affirmed, without costs to either party on this appeal.

CULLEN, Ch. J., GRAY, WILLARD BARTLETT, CUDDEBACK and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment accordingly.