## Matter of BRIGHAM STREET.

Supreme Court, Kings County, March 10, 1930.

*Truman H. Baldwin & Sons* [*L. H. LaMotte* of counsel], for the claimant.

*Arthur J. W. Hilly, Corporation Counsel* [*Ira R. Gluckstein* of counsel], opposed.

LEWIS, J. Damage parcels 1, 2, 3, 10, 11, 12 and 13. These parcels lie within the southerly fork of Avenue U. Originally, they were part of a farm which extended easterly to Ocean avenue. In 1874 the town survey commission laid out Avenue U as an eighty-foot street similar to the present layout. In 1896, in a proceeding to acquire an easement over Avenue U, the then owner received an award of almost $4,000. Thereafter the owner conveyed the property " excepting therefrom all the above described premises taken for the opening of Avenue U and all that part of said

premises included in that portion of Avenue U recently opened by the party of the first part," and the conveyance by subsequent owners accorded with this exception, the last being in November, 1923, to the present claimant. Notwithstanding these exceptions, there is proof that Avenue U has not been " opened and worked " as these words are used in section 234 of the Highway Law (as amd. by Laws of 1915, chap. 322) and it is urged that, therefore, it ceased to be a highway after six years from 1896. (*Robins Dry Dock & Repair Co.* v. *City of New York*, 155 App. Div. 258; affd., 213 N. Y. 631, 632.) The city contends, however, that the deeds referred to containing the recited exceptions recognized Avenue U as a street, and that, therefore, the claimants are estopped to assert the abandonment, and relies upon *Matter of 39th Street* (1 Hill, 191) in support of its contention. That case, however, has been limited so that the covenant may be said to run to the grantees and not to the public authorities. (*Bissell* v. *New York Central R. Co.*, 23 N. Y. 61, at p. 64.) It seems, however, that the filing of the map in November, 1923, was a dedication of the streets shown upon it, including both Avenue U and Brigham street. Dedication is one of the methods of establishing streets or highways (*City of Cohoes* v. *President, etc., Delaware & H. Canal Co.*, 134 N. Y. 397; *Matter of Hunter*, 164 id. 365) and may be found as a question of fact. (*McVee* v. *City of Watertown*, 92 Hun, 306.) Dedication having been established, the six-year limitation presented by section 234 does not begin to run until dedication has been accepted. (*Bridges* v. *Wyckoff*, 67 N. Y. 130; *Rothbager* v. *Village of Tonawanda*, 59 Hun, 628.) It could not, therefore, have run until six years would have elapsed after November, 1929. Prior to that time this proceeding was started to condemn Brigham street, and the question is presented whether the proceeding may be regarded as an acceptance, and if so regarded revocation by the claimant may not be implied. (18 C. J. 72.) The institution of the proceedings may be regarded as an acceptance of the dedication. Acceptance of dedication may be constructive and need not be formal, and the question is one of fact and intention. (18 C. J. 77.) It is not necessary that the dedicated plot and streets should be accepted en bloc. The city may determine at what times the streets shall be opened. If the acceptance is not followed by actual opening and working within the six years, which began upon the institution of the present proceeding, it seems as to Brigham street and these parcels at its intersection with Avenue U, the acceptance of the dedication by the municipal authorities is evidence of the fact that it is now attempting to open said streets. (*Russell* v. *City of Lincoln*, 200 Ill. 511, 521.)

The award for these parcels should be nominal.