In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title to Lands Required for the Purpose of Opening and Extending Brigham Street.

Supreme Court, Kings County, September 8, 1933.

*Truman H. Baldwin & Sons* [*Ralph Baldwin* and *Henry W. Mayo* of counsel], for the claimant 430 West Ninety-fifth Street Corporation.

*Arthur J. W. Hilly*, Corporation Counsel [*Patrick S. MacDwyer* and *Leo Lehrfeld* of counsel], for The City of New York.

LEWIS, J. The claimant, 430 West Ninety-fifth Street Corporation, objects to the awards made in the tentative decree for damage parcels 1, 2, 3, 10, 11, 12 and 13, lying in the south fork of Avenue U. Nominal damages were awarded for the taking of the fee of those parcels. The claimant now urges that the conclusion reached in the decision of *Matter of Brigham Street* (136 Misc. 808) is in conflict with *Matter of City of New York (East 177th St.)* (239 N. Y. 119), and that the court erred in holding that there was a dedication.

On the hearing of the objections, claimant for the first time introduced four deeds made by it, conveying parcels or plots fronting on the southerly fork of Avenue U between Bragg street on the west and Gerritsen avenue-Knapp street on the east. Each of such deeds reserved, or in terms essayed to reserve, any rights or easements in or to the lands lying in the southerly fork of Avenue U. Three of these deeds were executed and delivered in 1924 and one in 1925. The reservation in these deeds was ineffectual in view of the many earlier deeds placed in evidence by the city. The bulk of the lots were sold and conveyed in 1923, and a considerable number of the conveyances are of lots on the streets (Bragg, Brigham and Knapp) which directly abut upon the southerly fork of Avenue U. The streets mentioned, which, of course, are also laid out on claimant's map, are either easterly or westerly boundaries of the particular blocks, of which the southerly fork of Avenue U is the northerly boundary. These earlier conveyances do not contain any clause or reservation as to the southerly fork of Avenue U. They, however, are based upon and contain an express reference to the map upon which the southerly fork of Avenue U is laid out and shown as part of Avenue U. The map thus became a material and essential part of each deed with the same force and effect as if it were incorporated *in extenso* into the deed. (*Glover* v. *Shields*, 32 Barb. 374; *Brainin* v. *New York, N. H. & H. R. R. Co.*, 136 App. Div. 393.)

Furthermore, the clause inserted in the four later deeds was wholly ineffective to extinguish or impair the rights and easements which the prior grantees had acquired in the southerly fork of Avenue U.

Neither the claimant by itself, nor with the acquiescence of its grantees in the four later deeds, could extinguish the rights of claimant's prior grantees. (*Trustees of Village of Watertown* v. *Cowen*, 4 Paige Ch. 510; *Wyman* v. *The Mayor*, 11 Wend. 486; *White* v. *Moore*, 161 App. Div. 400; *Niagara Falls* v. *New York Central R. R. Co.*, 41 id. 93; *Matter of Village of Olean* v. *Steyner*, 135 N. Y. 341, 346; 18 C. J. 61, § 45.) The attempted reservation in the later deeds did not effect a revocation of the dedication, and

no other sort or basis of revocation being relied on by the claimant, its quotation from the opinion in *Matter of City of N. Y. (Avenue D)* (200 N. Y. 536, 543) has no application, for there was in the instant case no mere filing of map and commencement of condemnation proceedings then abandoned as in the cited case, but dedication by map and sales, accordingly accepted by the authorities by condemnation proceedings, never abandoned, but on the contrary, perfected by due vesting of title. *Matter of City of N. Y. (East 177th St.)* (239 N. Y. 119) has no similarity to the situation here presented. No dedication, or dedication made effective by public acceptance, was involved, and none of the lots for which dedication was argued, in the language of the question certified, abutted upon or were contiguous to or required access to or egress over the mapped street to the city system of public streets.

In the present case the south fork of Avenue U is the northerly boundary of and the first cross street intersecting the blocks in which the lots were conveyed in 1923. Moreover, in *Matter of City of N. Y. (East 177th St.)* (*supra*) it appears from the reported opinion that the map there involved was not filed until after the city's proceeding to open East One·Hundred and Seventy-seventh street had been commenced and not until the claimant had made proof of title and damage in the proceeding. In the instant case the map was filed and the lots were sold in 1923, long before the condemnation proceedings were instituted. The objections are overruled.