In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Brigham Street, from the Northerly Fork of Avenue U to Avenue Y; the Southerly Fork of Avenue U, from the Angle Point in Avenue U East to Bragg Street to Gerritsen Avenue; Whitney Avenue, from Avenue W to Knapp Street; Kenmore Place, Elmore Place, and Delamere Place, from Gravesend Neck Road to Jerome Avenue; East Twenty-sixth Street, East Twenty-seventh Street and East Twenty-eighth Street, from Gravesend Neck Road to Voorhies Lane; Mansfield Place, East Twenty-ninth Street, Haring Street, Brown Street, Batchelder Street, Ford Street and Bragg Street, from Gravesend Neck Road to Avenue Z; Coyle Street, from Gravesend Neck Road to Avenue U; Knapp Street, from Gerritsen Avenue to Avenue Z; Avenue V, from Gravesend Neck Road to Knapp Street; Avenue W, Avenue X and Avenue Y, from Ocean Avenue to Knapp Street, and Avenue Z, from Ocean Avenue to Jerome Avenue, in the Borough of Brooklyn, City of New York. 330 WEST NINETY-FIFTH STREET CORPORATION, Appellant; THE CITY OF NEW YORK, Respondent.— Decree awarding nominal damages for the taking of the lands comprised in damage parcels 1, 2, 3, 10, 11, 12 and 13 unanimously affirmed, with costs. Assuming that the appellant has title to the damage parcels in question, although, unlike the mesne conveyances, we find no express conveyance in the deed to the appellant of the grantor's right, title and interest therein, we are of opinion that the parcels are impressed with

private easements of egress and ingress inuring to the lot owners on both sides of Brigham street immediately south of the southerly fork of Avenue U enabling them to have access to the public streets in an easterly and westerly direction across the strip in question. The southerly fork constitutes the nearest available way for them. (*Reis* v. *City of New York*, 188 N. Y. 58; *New York Investors, Inc.*, v. *Manhattan Beach B. P. Corp.*, 229 App. Div. 593, 601.) These lot owners are not obliged to seek access by traveling beyond the southerly fork up to the northerly fork, which, at the time of the sale to them, was also not a legally opened street, although both forks were delineated on the sales map as ways available to lot purchasers. The sales to these lot owners took place prior to the time that the map was filed and even prior to the time that the appellant took title. Nevertheless, the deeds which the lot owners subsequently received described the premises by reference to this map. There was nothing contained on this map by word or line to put the purchasers of lots on notice that the way was not available to them. (Cf. *Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136.) Under the circumstances here disclosed, wherein a public easement had also been acquired and paid for and recognized in all of the conveyances since 1899, we feel that the intention of the grantor to create private easements by the sale of its lots was shown and that the sales map, showing the southerly fork to be a street, was not prepared merely as a compliance with law. Inasmuch as the property abutting the damage parcels has been conveyed so that there is no united ownership, the value of the remaining strip so burdened with easements is but nominal. (*Matter of City of N. Y.* [*Northern Blvd.*], 258 N. Y. 136, 152.) Present — Young, Hagarty, Carswell and Johnston, JJ.; Lazansky, P. J., not voting. [136 Misc. 808; 148 id. 845.]