ALBERT FIEBELKORN et al., Respondents, *v.* JACOB ROGACKI et al., Appellants, and TOWN OF LANCASTER, Respondent.

Fourth Department, March 5, 1952.

*Maurice J. Rumizen* for plaintiffs-respondents.

*Brennan and Brennan* for appellants.

*Howard A. Davidson* for defendant-respondent.

PIPER, J.  We agree with the trier of the fact that the Town of Lancaster had not officially accepted the strip of land known as Walter Avenue as a public highway and that appellants failed to establish that it had become a public highway by user. We think, however, that the judgment must be reversed on other grounds.

While the Bellevue Land and Improvement Company did not have title to the premises in question at the time the subdivision map was filed, it reacquired title by referee's deed on the foreclosure of the mortgage, which deed referred to the map, and it adopted and recognized the map in its conveyance of premises and more to Henry Schwabl.  He in turn conveyed to Joseph Young (appellants' predecessor in title) by subdivision lot numbers, which conveyance included all the lots abutting on the southerly line of Walter Avenue as shown on the map. Henry Schwabl also conveyed, by lot numbers, ten lots (Nos. 23 to 32 inclusive in block " M ") abutting the northerly line of Walter Avenue to John Schwabl.

The rule of law is that when an owner of property sells lots in reference to a map, which lots abut upon a street as shown on the map, the grantees are entitled to have the land shown as a street left open forever as a street or highway and this is so whether or not it is accepted by the town or municipality

as a public highway. (*White's Bank* v. *Nichols*, 64 N. Y. 65, 73; *Lord* v. *Atkins*, 138 N. Y. 184, 191; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77, 82; *Matter of City of New York* [*Brigham St.*], 246 App. Div. 819, affd. 273 N. Y. 508; *Erit Realty Corp.* v. *Sea Gate Assn.*, 249 N. Y. 52, 57; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 147; *Matter of City of New York* [*Sedgwick Ave.*], 213 N. Y. 438, 442; *Dalton* v. *Levy*, 258 N. Y. 161, 165; *Mills* v. *City of New York*, 269 App. Div. 306, 312, affd. 295 N. Y. 879; 28 C. J. S., Easements, § 39, p. 701; 17 Am. Jur., Easements, § 47, p. 958.)

It is also well settled that the conveyance of subdivision lots under such circumstances, in the absence of express reservation, conveys the fee to the center of the street on which the lots abut, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes. (*Bissell* v. *New York Central R. R. Co.*, 23 N. Y. 61; *Geddes Coarse Salt Co.* v. *Niagara, Lockport and Ontario Power Co.*, 207 N. Y. 500; *Trowbridge* v. *Ehrich*, 191 N. Y. 361, 365; *Haberman* v. *Baker*, 128 N. Y. 253, 257; *Paige* v. *Schenectady Ry. Co.*, 178 N. Y. 102, 110, 111.)

Under these well-established rules, it is clear that the appellants own the fee from the south line to the center of the street shown as Walter Avenue on the map of the subdivision and are entitled to have the use of the entire fifty-foot strip of land for highway purposes. Assuming, as to the parties to the action, that the deed purporting to convey the ten lots, owned by John Schwabl in his lifetime, to respondents was a valid conveyance of those premises, the respondents own the fee from the north line of Walter Avenue to the center line thereof subject to the right of appellants and their invitees to the use of the entire fifty-foot strip for highway purposes.

The appellants should be entitled to judgment directing the respondents to remove from Walter Avenue all obstructions and encroachments placed or erected thereon by respondents, and declaring their rights in and to such street in accordance with the decision here made, with costs.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law and facts, with costs and judgment directed in favor of appellants in accordance with the opinion, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.