JAMES H. GOULDING et al., Appellants, *v.* TOWN OF TONAWANDA, Respondent.

Fourth Department, July 8, 1953.

*Joseph May* for appellants.

*O. Clyde Joslin* for respondent.

WHEELER, J. In this action, brought pursuant to article 15 of the Real Property Law, the plaintiffs-appellants seek to compel a determination of an adverse claim to their property which the defendant-respondent, Township of Tonawanda, has asserted.

The particular parcel of land here involved consists of a small section of Oliver Street in the town of Tonawanda as identified on a subdivision map filed by plaintiffs' predecessors in title in the year 1923. This portion of Oliver Street is 60 feet in width and extends north of Zimmerman Avenue a distance of 115 feet to the north line of the subdivision, where the street ends, thus forming a cul-de-sac, lying entirely between plaintiffs Gouldings' lot No. 80, which abuts the street on the east, and the plaintiffs Naehers' lot No. 81, which abuts on the west.

Under the stipulated statement of facts, it appears that although Oliver Street to the south of Zimmerman Avenue, as well as the other streets of the subdivision, have been accepted by the defendant town as public highways, the town has never used this so-called butt end of Oliver Street, never occupied it nor accepted it. Moreover, the existing physical conditions, with the north sidewalk and curb of Zimmerman Avenue extending without break over and across Oliver Street, demonstrate its inaccessibility, as well as its uselessness as a highway to any other owner of lots in the entire subdivision.

The filing of the subdivision map by the original proprietors may be considered as an offer of dedication. However, there having been no acceptance thereof by the proper authorities, either by formal action or by user, but, on the contrary, affirmative acts indicating the rejection of the dedication, it follows that this particular section of Oliver Street never became a public highway and, consequently, the defendant has acquired no estate or interest therein. (*People* v. *Brooklyn & Queens Tr. Corp.*, 273 N. Y. 394, 400; *Matter of City of New York [East 177th St.]*, 239 N. Y. 119; *Niagara Falls Suspension Bridge Co.* v. *Bachman*, 66 N. Y. 261, 269.)

It further appears that plaintiffs acquired title to their respective lots through mesne conveyances from the original proprietors, each deed in the chain of title describing the property by reference to lot number as shown on the subdivision map. Under these circumstances, each of the conveyances, being without express reservation, conveys the fee to the center of Oliver Street, on which the lots abut, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes. (*Fiebelkorn* v. *Rogacki,* 280 App. Div. 20; *Bissell* v. *New York Central R. R. Co.,* 23 N. Y. 61; *Geddes Coarse Salt Co.* v. *Niagara, Lockport & Ontario Power Co.,* 207 N. Y. 500.)

It does not follow, however, that the municipality itself is entitled to these same rights acquired therein by other lot owners. The right of abutting grantees and other lot owners to have a street shown on the map of a subdivision left open as a street or highway, regardless of whether or not it is accepted by the town or municipality as a public highway (*Fiebelkorn* v. *Rogacki, supra*) is in the nature of a private easement of ingress and egress inuring to the benefit of the lot owners and not in favor of the public. (*Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 147; *Matter of City of New York* [*Brigham St.*], 246 App. Div. 819, affd. 273 N. Y. 508.)

The town being the only defendant, and its adverse claim to that of the plaintiffs being the only issue for determination, we pass only upon the rights as between the plaintiffs and the defendant town; we do not attempt herein to adjudicate the rights, if any, of other lot owners in the subdivision.

Under the facts and circumstances here disclosed and the rules of law applicable thereto, we conclude that the judgment should be reversed and the plaintiffs-appellants should have judgment against the defendant-respondent, determining that the defendant and any person claiming under it be barred from all claim to an estate or interest in the portion of Oliver Street described in the complaint, and that it be further determined that the plaintiffs Goulding are the owners of the title in fee to the easterly half of said premises, and the plaintiffs Naeher are the owners of the title in fee to the westerly half of said premises, subject to the rights of other lot owners, if any, as set forth herein.

All concur. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment insofar as appealed from reversed on the law, without costs of this appeal to any party, and judgment directed in favor of the plaintiffs in accordance with the opinion, without costs.  New findings of fact made.