Cyrus B. Ferguson et al., Appellants, *v.* Producers Gas Company et al., Respondents.

Fourth Department, November 2, 1955.

*Pasquale P. Yannella* for appellants.

*Vedder & Crowley* for Producers Gas Company, respondent.

*William L. McDermott* for Sam B. Zukerman and another, respondents.

WHEELER, J. The controversy here presented involves defendants-respondents' right to install and maintain a gas pipe line and a meter attached thereto in a strip of land in which they possess an easement for " highway and street purposes." The plaintiffs-appellants, as owners of the fee, have brought this action for a mandatory injunction for removal of the line and meter.

In the year 1930 the owner of a fifty-acre farm situate in the town of Olean caused the same to be subdivided into streets and lots as shown on a map thereof which was duly filed in the office of the Clerk of Cattaraugus County. Through mesne conveyances the plaintiffs Ferguson became the owners in fee of a portion of this subdivision, including the premises here involved. The deeds contain the following reservation: " Excepting and reserving, however, for highway and street purposes a strip of land 48 feet in width on its southerly boundary and 48.28 feet wide on its northerly boundary lying between the west line of Lot No. 7 and the east line of Lot No. 8 according to said map." This particular easement relates to the strip of land described in the quoted reservation. Subsequently, and in the year 1948, the heirs of the original owner released and quitclaimed to the defendants, the owners of land to the north of the street, their interest " if any " in this same easement.

All questions relating to the facts have been resolved by the stipulation of the parties, from which it appears that the plaintiffs Ferguson are the owners in fee of the land lying within the boundaries of said street; that defendants Zukerman and Meyers have an easement therein for " highway and street purposes "; that the defendants Zukerman and Meyers have installed and presently maintain a gas pipe line located two feet or more below the surface of said street, and a gas meter attached thereto, which is two or three feet above the surface of said street, for the purpose of supplying gas for domestic use in certain houses owned by the defendants.

Thus, we have a question of law only, i.e., whether the gas line installations in the street constitute an additional burden upon the fee, for which the owners are entitled to relief. This, in turn, depends upon the further question as to whether such installation is a street use and deemed to be within the grant of defendants' easement for street and highway purposes.

This subject has been before the courts in innumerable cases, although usually the court has been concerned with easements of the public for highway purposes. In the instant case there

has never been a dedication of this street or acceptance thereof, and, therefore, the public never acquired an interest therein. (*Story* v. *New York Elevated R. R. Co.,* 90 N. Y. 122.) It necessarily follows that the defendants possess only a private easement for " highway and street purposes." (*Goulding* v. *Town of Tonawanda,* 282 App. Div. 321; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136, 147.)

The defendants contend, and the lower court has held, in effect, that their gas pipe line and meter in the street are incidental and appurtenant to their easement for street and highway purposes. Such a view, we believe, is not in accord with the long line of decisions in which this subject has been discussed. (*Eels* v. *American Tel. & Tel. Co.,* 143 N. Y. 133; *Palmer* v. *Larchmont Elec. Co.,* 158 N. Y. 231; *Osborne* v. *Auburn Tel. Co.,* 189 N. Y. 393; *Thompson* v. *Orange & Rockland Elec. Co.,* 254 N. Y. 366.)

In these cases the courts have recognized a distinction between the burdens that may be imposed upon a street or highway, urban or rural, when an easement is taken for a right of way for highway purposes, and when the fee is acquired. Where an easement is taken " Only such uses as appertain directly or indirectly to the right of passage and tend in some way to preserve or make more easy the exercise of such right may be imposed upon the easement. For other uses, public and municipal in their character, the land owner is entitled to additional compensation." (*Thompson* v. *Orange & Rockland Elec. Co.,* supra, p. 369.) Thus, the lighting of a highway, sewers for the drainage and water mains when connected with the use of the streets, are " street purposes " which are clearly incident to the highway and are deemed within the grant of the easement. (*Palmer* v. *Larchmont Elec. Co., supra.*)

On the contrary, it is equally well established that where the use attempted does not in any way tend to preserve or improve the streets or aid the public in traveling over them, it is classified as a municipal use which is not incident to a street easement, but a burden upon the fee and not included in the grant, e.g., telephone and telegraph poles and wires (*Osborne* v. *Auburn Tel. Co., supra*); electric light poles and wires, sewers (*Van Brunt* v. *Town of Flatbush,* 128 N. Y. 50). " The distribution of electricity for light and power purposes is a public and municipal use but not a street use under these decisions. No distinction can now be drawn between city streets and country highways in this regard." (*Thompson* v. *Orange & Rockland Elec. Co., supra,* p. 369.) None of these particular uses tend

to improve the use of the street. By the same token, it follows that installation of a gas pipe line used to service private homes cannot be regarded as a street use, and, consequently, is not included in the easement for "highway and street purposes." The use of the street is not improved by the installation of this gas line.

Under the authority of the cited cases, even the public, if it enjoyed such an easement, could not use the street for a gas pipe line or any other purpose, public or municipal in character, without just compensation to the owners of the fee for the added burden thereby imposed. Obviously, a grantee of a mere private easement such as these defendants possess may not enjoy greater privileges than the public itself.

We are, of course, aware that our modern streets are appropriated for many and varied uses other than strictly street purposes. This undoubtedly results, in many instances, from the now common municipal ownership of the fee, which permits the municipality to use or to grant the use of its highways for any public or municipal purpose not inconsistent with its use for street purposes.

Under modern conditions, we have perhaps arrived at a time when the definition of "street use" should be expanded to include the installation of poles, pipes, conduits, and tubes for various municipal uses, such as steam, electricity, telephone and gas, which would not impair the public easement. Even so, such a deviation from long-established authority is not justified or required under the circumstances here presented, where a mere private easement for street purposes exists over the lands of another. These defendants having exceeded their rights under this easement, it follows that they have imposed an additional burden on plaintiffs' land, which plaintiffs are entitled to have rectified.

The judgment should be reversed and plaintiffs should be granted a mandatory injunction requiring defendants to remove the gas pipe line and the meter from the street.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment reversed on the law, with costs, and judgment directed to be entered in favor of plaintiffs granting a mandatory injunction in accordance with the opinion, with costs. Certain findings of fact disapproved and reversed and new findings made.