██ Marc E. Kingsley et al., Appellants, v Village of Cooperstown et al., Defendants, and First Street Properties LLC, Respondent. [968 NYS2d 199]—

Egan Jr., J. Appeal from an order of the Supreme Court (Dowd, J.), entered June 29, 2012 in Otsego County, which, among other things, denied plaintiffs' motion for summary judgment.

Plaintiffs are the owners of three parcels of real property located in the Village of Cooperstown, Otsego County—one of which is home to The Inn at Cooperstown. Two of plaintiffs' parcels abut the southern edge of a 13-foot-wide, partially paved lane, and plaintiffs' remaining parcel abuts the northern edge of the lane. Defendant First Street Properties LLC also owns three parcels of land located near or adjacent to plaintiffs' properties and allegedly has received conditional approval for a six-lot subdivision thereon. According to First Street, four of those six lots would require use of the lane as the only means of ingress and egress to and from such properties.

Plaintiffs, contending that the lane was privately owned, commenced this action for a declaratory judgment seeking, among other things, a declaration that defendant Village of Cooperstown did not have a public right-of-way over the lane. Following joinder of issue,[1] plaintiffs moved for summary judgment; First Street and the Village opposed the motion and, further, requested dismissal of plaintiffs' amended complaint. Supreme Court denied plaintiffs' motion for summary judgment, granted

---

1. Although plaintiffs amended their complaint to join certain adjacent property owners as necessary parties, it does not appear that any of those property owners filed an answer.

summary judgment to defendants and dismissed the amended complaint (*see* CPLR 3212 [b]). This appeal by plaintiffs ensued.

We affirm. Plaintiffs, relying upon the Fourth Department's decision in *Fiebelkorn v Rogacki* (280 App Div 20 [1952], *affd* 305 NY 725 [1953]), initially contend that the language contained in their respective deeds (conveying parcels on either side of the lane) demonstrates that they possess a fee interest in the entire lane—subject to the rights of adjoining landowners—and, therefore, the Village cannot possibly assert a public interest in the property. *Fiebelkorn* and its progeny stand for the general proposition that "[w]hen an owner of property sells a lot with reference to a map, and the map shows that the lot abuts upon a street, the conveyance presumptively conveys fee ownership to the center of the street on which the lot abuts, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes" (*Lehrman v Lake Katonah Club, Inc.*, 18 AD3d 514, 514 [2005], *lv denied* 6 NY3d 706 [2006], citing *Fiebelkorn v Rogacki*, 280 App Div at 21-22). This general proposition of law is of no aid to plaintiffs, however, in view of the fact that, among other things, plaintiffs' deeds contain no reference to a map. Additionally, two of the subject deeds—encompassing those parcels with frontage on Chestnut Street—expressly describe the property conveyed as being bounded by either the northern or the southern *edge* of the lane, thus belying plaintiffs' claim that they own to the center line thereof. Hence, plaintiffs' attempt to assert a private ownership interest in the lane must fail.

As to the issue of whether the lane qualifies as a village street, such a street may be created by dedication (*see* Village Law § 6-610) or prescription (*see* Village Law § 6-626). To that end, "[a]ll lands within the village which have been used by the public as a street for ten years or more continuously, shall be a street with the same force and effect as if it had been duly laid out and recorded as such" (Village Law § 6-626). A street, in turn, "includes a highway, road, avenue, lane or alley which the public [has] a right to use" (Village Law § 6-600), but such use must encompass something more than "naked use by the public" (*Impastato v Village of Catskill*, 55 AD2d 714, 715 [1976], *affd* 43 NY2d 888 [1978]). Specifically, in order to create a village street by use, the village must have "continuously maintained and repaired the alleged street and, thus, assumed control thereof during the period of time in question" (*id.*; *accord Matter of Marchand v New York State Dept. of Envtl. Conservation*, 19 NY3d 616, 620 [2012]).

Here, plaintiffs argue that the lane cannot be deemed a vil-

lage street because (a) it does not qualify as a public street by dedication (*see* Village Law § 6-610), (b) it does not appear on the state Department of Transportation's inventory of local roads lying within the Village's jurisdiction, and (c) the Village "has never maintained" it. Plaintiffs' dedication argument is misplaced because, as noted previously, dedication is not the sole means by which a village street may be created (*see* Village Law § 6-626). Additionally, as Village Law § 6-626 makes clear, the fact that the lane has not been officially recorded as a village street is not dispositive of its status. Finally, absent supporting documentation, plaintiffs' conclusory claims with regard to the Village's purported failure to maintain/repair the lane are insufficient to demonstrate their entitlement to summary judgment, thus compelling denial of their motion.

As for Supreme Court's award of summary judgment to defendants, despite plaintiffs' protestations to the contrary, the record is replete with references to the public's use of the lane for an expanse of time well in excess of the requisite 10-year period.[2] With respect to the Village's maintenance and repair of the lane, the record reflects, among other things, that portions of the Village's water/sewer lines are located within the lane and that various Village departments periodically access or utilize the lane (and the manhole cover contained within) to maintain or flush those systems or engage in other municipal functions, such as training for the local fire department. The record also reveals that the Village has erected and maintained a "No Parking" sign within the confines of the lane. Finally, although the Village's maintenance activities appear to have been tied to the level of traffic generated by local businesses or residents and the corresponding need for municipal services, the record indicates that, during periods of regular use, the Village has provided "cold patch, tar, gravel and dirt" in order to maintain the lane. Such proof, in our view, is sufficient to establish that the subject lane is a village street by prescription (*see* *Jim May Pontiac Buick v Gleason*, 112 AD2d 618, 620 [1985]), thereby warranting dismissal of plaintiffs' complaint. Plaintiffs' remaining arguments have been examined and found to be lacking in merit.

Rose, J.P., Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

**2.** In addition to evidence of the public's actual use of the lane, it is worth noting that the lane is described as a "Public Lane" or "Public Alley" on a variety of surveys and maps contained in the record on appeal, including a recent copy of the Otsego County tax map, and is referenced in a similar fashion in both plaintiffs' and First Street's respective deeds.